UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RENALDO WHITE and RANDOLPH NADEAU, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SYMETRA ASSIGNED BENEFITS SERVICE COMPANY; SYMETRA LIFE INSURANCE COMPANY,<br><br>Defendants. | CASE NO. 20-1866 MJP<br><br>ORDER ON PLAINTIFFS' MOTION TO SEAL |

This matter is before the Court on Plaintiffs' motion to seal, (Dkt. No. 60), filed in connection with Plaintiffs' motion for class certification and motion for partial summary judgment regarding choice of law. In deciding the motion, the Court has considered the following documents:

- Plaintiffs' motion to seal, (Dkt. No. 60);

- Declaration of Alison E. Chase in support of Plaintiffs' motion to seal, (Dkt. No. 61);

- Declaration of Alison E. Chase in support of Plaintiffs' motion for class certification, (Dkt. No. 63);

- Declaration of Ian S. Birk in support of Plaintiffs' motion for partial summary judgment regarding choice of law, (Dkt. No. 67);

- Defendants' response to Plaintiffs' motion to seal, (Dkt. No. 71); and

- Plaintiffs' reply, (Dkt. No. 74).

Having considered these documents and the relevant record, the Court ORDERS the clerk to UNSEAL the following:

- Declaration of Alison E. Chase in support of Plaintiffs' motion for class certification, (Dkt. No. 63), and all exhibits therein;

- Declaration of Ian S. Birk in support of Plaintiffs' motion for partial summary judgment regarding choice of law, (Dkt. No. 67), and all exhibits therein;

- Plaintiffs' sealed motion to certify class, (Dkt. No. 62);

- Plaintiffs' sealed motion for partial summary judgment regarding choice of law, (Dkt. No. 66).

**Background**

This is a putative class action brought by personal-injury victims who sold their rights to future payment streams to Defendant Symetra Assigned Benefits Service Company (SABSCO). Plaintiffs were entitled to periodic payments under structured settlements resulting from their personal-injury claims. According to Plaintiffs, the responsible parties (or insurance carrier) paid SABSCO to assume their obligation for those payments. (Amended Complaint ¶ 54, Dkt. No. 28.) SABSCO then took out a structured settlement annuity (SSA) from its affiliate, co-Defendant Symetra Life Insurance Company (Symetra), to fund and administer the payments. (Id.) Plaintiffs allege SABSCO later solicitied them to sell their rights to future payments for lump sums worth significantly less and that these "factoring transactions" were essentially exploitative. They have raised various claims for damages and seek certification of a class of

ORDER ON PLAINTIFFS' MOTION TO SEAL - 2

people who were also annuitants of an SSA administered by Symetra and later sold their right to receive payments from that SSA to a Symetra affiliate in a factoring transaction. (See Dkt. No. 62 at 13.)

Plaintiffs filed their motion for class certification and their motion for partial summary judgment regarding choice of law under seal because they contained documents Defendants had marked as confidential in discovery, and the Parties could not agree on which documents, if any, should remain sealed. (Dkt. No. 60 at 2.) In the motion for class certification, the following exhibits were not marked confidential: exhibits 2, 4, 5, 19, 21, 39, 45, 50, 52–57. (Declaration of Alison E. Chase in support of motion for class certification, ¶¶ 2, 13, Dkt. No. 63.) Plaintiffs marked two exhibits as confidential: exhibits 1 and 12. (Id. ¶¶ 2, 13.) But they have not moved to maintain Exhibit 1 under seal, (see Dkt. No. 60), and the Parties stipulated to unseal Exhibit 12, (Dkt. No. 73.) This leaves the following exhibits marked confidential by Defendants: exhibits 3, 6–11, 13–18, 20, 22–38, 40–49, and 51. (Chase Decl. re mot. for class certification.)

In their motion for partial summary judgment regarding choice of law, the following documents were not marked as confidential: exhibits 1, 2, 5–10, 12, 13, 14, 16, 17, 21, 22, 23. (Declaration of Ian S. Birk in support of Plaintiffs' motion for partial summary judgment regarding choice of law, Dkt. No. 67.) The following exhibits were marked confidential by Defendants: exhibits 3, 4, 11, 15, 18–20. (See id.)

Defendants informed Plaintiffs they would not waive their confidentiality designations for exhibits 3, 7, 9, 20, 23, 25, 40, 42, and 46–49 to the Chase Declaration in support of the motion for class certification and exhibits 3 and 19 of the Birk Declaration in support of the motion for partial summary judgment. (Chase Decl. ¶¶ 5–6, Dkt. No. 61; Dkt. No. 71 at 6.) In

their response to Plaintiffs' motion to seal, Defendants did not argue that any other exhibits should remain sealed. (See generally Dkt. No. 71; Dkt. No. 74 at 4–5.)

The following charts summarize the contested exhibits at issue. These are the only exhibits which Defendants marked confidential in discovery and requested in the instant motion to keep sealed. The charts omit exhibits that were not marked confidential in discovery, already unsealed, waived prior to the motion, or not requested to be kept under seal in this motion (exhibits 1, 2, 4–6, 8, 10–19, 21, 22, 24, 26–39, 41, 43–45, 50, 52–57 in the motion for class certification and exhibits 1, 2, 4–18, 20–23 in the motion for partial summary judgment).

**Exhibits Relating to Plaintiffs' Motion for Class Certification**
See Declaration of Alison E. Chase in support of Plaintiffs' motion for class certification, (Dkt. No. 63)

| Exhibit | Marked confidential | Party asserting confidentiality | Request to keep sealed |
|---|---|---|---|
| 3. | Yes | Defendants | Yes |
| 7. | Yes | Defendants | Yes |
| 9. | Yes | Defendants | Yes |
| 20. | Yes | Defendants | Yes |
| 23. | Yes | Defendants | Yes |
| 25. | Yes | Defendants | Yes |
| 40. | Yes | Defendants | Yes |
| 42. | Yes | Defendants | Yes |
| 46. | Yes | Defendants | Yes |
| 47. | Yes | Defendants | Yes |
| 48. | Yes | Defendants | Yes |
| 49. | Yes | Defendants | Yes |

The documents relating to the motion for class certification which Defendants request to keep under seal are:

- An internal Symetra Financial Services business plan from 2005, with external communications templates, relating to Defendants' entry into the factoring industry (Ex. 3);

- Slides of a 2012 presentation giving an overview of structured settlement operatons (Ex. 7);

ORDER ON PLAINTIFFS' MOTION TO SEAL - 4

- Documents from 2007 and 2009 that include contact information for employees working in Defendants' funding services and instructions for solicitations (Ex. 9);

- Sample solicitation letters from 2008 (Ex. 20);

- Documents related to a 2011 meeting to review business processes of Defendants' retirement services–institutional product division (Ex. 23);

- Slides from a 2012 presentation on funding-services strategy (Ex. 25);

- Internal email correspondence from 2010 between the national sales manager of structured settlements and other employees of Symetra Financial (Ex. 40);

- Internal email correspondence from 2008 relating to a conference on structured settlements (Ex. 42);

- Internal email correspondence from 2012 relating to a proposed FAQ on structured settlements (Ex. 46);

- Internal email correspondence from 2008 relating to communicating with prospective clients to sell rights to future payments (Ex. 47);

- An external email from 2011 with a proposed messageing framework to use with prospective clients (Ex. 48); and

- Email correspondence from 2012 relating to perceptions about Defendants' factoring business and whether their relationship with Berkshire Hathaway could be adversely affected (Ex. 49).

(Chase Decl. ¶ 6; Dkt. No. 71 at 6; see Chase Decl. re mot. for class certification.)

| Exhibits Relating to Plaintiffs' Motion for Partial Summary Judgment Regarding Choice of Law See Declaration of Ian S. Birk in support of Plaintiffs' motion for partial summary judgment regarding choice of law, (Dkt. No. 67) | | | |
| --- | --- | --- | --- |
| Exhibit | Marked confidential | Party asserting confidentiality | Request to keep sealed |
| 3. | Yes | Defendants | Yes |
| 19. | Yes | Defendants | Yes |

The documents relating to the motion for partial summary judgment regarding choice of law which Defendants request to keep under seal are:

- An internal business plan from 2005, including various templates for external communications and legal documents, relating to Defendants' entry into the factoring industry (Ex. 3)[1]; and

- Transaction and process guidelines for Defendants' funding services business which includes an overview of federal and state laws and marketing guidelines (Ex. 19).[2]

(Chase Decl. ¶ 7; Dkt. No. 71 at 6; see Birk Decl.)

## Discussion

### A. The Public Right of Access to Court Records

There is a strong presumption in favor of public access to court records. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016). This long-standing presumption is a background rule to judicial process rooted in the common law. See id. at 1102. Its purpose is to promote confidence in the administration of justice and accountability to the public. Id. at 1096. To overcome the public right of access to court records, a party must meet one of two standards, depending on the type of motion to which the documents relate. When the motion is "more than tangentially related to the merits of a case," a party must articulate a "compelling reason" supported by specific facts that justifies keeping records out of public view. Id. at 1096–97, 1101. For a motion that is unrelated to the merits, a party must show "good cause," id. at 1097, defined as "specific prejudice or harm will result if no protective order is granted." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003).

The Local Civil Rules also impose obligations and standards on Parties regarding sealed filings. Parties must "explore all alternatives to filing a document under seal" and meet and

---

[1] Ex. 3 to the Birk Declaration and Ex. 3 to the Chase Declaration overlap.

[2] Ex. 19 to the Birk Declaration and Ex. 9 to the Chase Declaration also overlap.

confer "in an attempt to reach agreement on the need to file the document under seal."  Local Civ. R. 5(g)(1), (3)(A).  The party asserting confidentiality must provide:

> A specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
>
> > i. the legitimate private or public interests that warrant the relief sought;
> >
> > ii. the injury that will result if the relief sought is not granted; and
> >
> > iii. why a less restrictive alternative to the relief sought is not sufficient.
>
> Evidentiary support from declarations must be provided where necessary.

Local Civ. R. 5(g)(3)(B).

### B.   The "Compelling Reasons" Standard Applies

Defendants must show there is a compelling reason that justifies keeping the relevant records under seal because Plaintiffs' motion for class certification and motion for partial summary judgment regarding choice of law are both "more than tangentially related to the merits of [the] case."  See Ctr. for Auto Safety, 809 F.3d at 1101.  Defendants refer the Court to the lesser "good cause" standard.  But that does not apply to either motion.

The motion for partial summary judgment is a dispositive motion, and so a party asking to keep sealed any court records related to that motion must establish a compelling reason.  Id.; see Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006).  The motion for class certification is directly related to the merits of the case, because it requires the Court to determine if there are question of law or fact common to the class, if the representative parties have claims or defenses that are typical of those of the class, and if the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  In the same way that a motion for a preliminary injunction requires an assessment of the merits, see Ctr. for Auto Safety, 809 F.3d at 1099, the merits are very much at stake in a motion for class

ORDER ON PLAINTIFFS' MOTION TO SEAL - 7

1 certification, Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 351 (2011) ("Frequently [Rule 23's]

2 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim").

3       A motion for class certification contrasts with motions where the "good cause" standard

4 applies, such as those concerning discovery disputes. Ctr. for Auto Safety, 809 F.3d at 1097–98

5 (the "good cause" standard is appropriate for discovery-related motions because "the private

6 interests of litigants are the only weights on the scale") (internal quotation marks omitted).

7 District courts in the Ninth Circuit have applied the compelling reasons standard to motions for

8 class certification. E.g., James Lee Constr., Inc. v. Gov't Emps. Ins. Co., 339 F.R.D. 562, 575

9 (D. Mont. 2021); Baker v. SeaWorld Ent., Inc., 2017 WL 5029612, at *3 (S.D. Cal. Nov. 3,

10 2017) (collecting cases). The Court has previously taken the same approach, see Ngethpharat v.

11 State Farm Mut. Ins. Co., No. C20-454 MJP, 2021 WL 1063247, at *1 (W.D. Wash. Mar. 18,

12 2021), and Defendants have shown no reason to depart from it here.

13       **C.**    **Defendants Have Not Established Compelling Reasons to Seal the Records**

14       As an initial matter, Defendants attempt to tip the scales by framing the public's interest

15 in the kinds of documents at issue here as "even lower" than documents at issue in a discovery

16 dispute because "almost all documents are either technical business documents that would be

17 indecipherable to the layperson, or communications analyzing Defendants' competitors, market

18 position, or own employees' performance." (Dkt. No. 71 at 7.) Defendants misunderstand the

19 public right of access. Court records are presumptively public because the public has a right to

20 understand the basis for a court's decision. Kamakana, 447 F.3d at 1178–79; Nixon v. Warner

21 Commc'ns, Inc., 435 U.S. 589, 597 (1978) ("In contrast to the English practice, . . . American

22 decisions generally do not condition enforcement of this right on a proprietary interest in the

23 document or upon a need for it as evidence in a lawsuit"). When a confidential document

24

ORDER ON PLAINTIFFS' MOTION TO SEAL - 8

1    produced in discovery becomes part of the judicial record, the fact that court records are public

2    by definition "sharply tips the balance" in favor of the public right of access. Kamakana, 447

3    F.3d at 1180.

4          Defendants' briefing focuses on the good cause standard. (E.g., Dkt. No. 71 at 9

5    ("Defendants consider these documents to be highly sensitive, and do not publish them to third

6    parties; they are strictly for internal use.").) This generally falls short of the requirements here.

7    Examples of compelling reasons sufficient to overcome the public right of access include

8    situations where "'court files might have become a vehicle for improper purposes,' such as the

9    use of records to gratify private spite, promote public scandal, circulate libelous statements, or

10   release trade secrets." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir.

11   2006) (quoting Nixon, 435 U.S. at 598). Relevant to this standard, Defendants claim some

12   exhibits include proprietary information that competitors could use to their disadvantage and

13   suggest some documents contain trade secrets. (Dkt. No. 71 at 9 (discussing exhibits 3, 9, 23).)

14         It is possible that Defendants' competitors could make use of some of the information in

15   these documents, but there is no evidence from which the Court can make such a finding outside

16   the documents themselves. To keep them under seal, the Court must find "a compelling reason

17   and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Ctr.

18   for Auto Safety, 809 F.3d at 1096–97 (quoting Kamakana, 447 F.3d at 1179). It is not self-

19   evident that these records—which are ten or more years old—provide to competitors much more

20   than historical insight into Defendants' business operations.

21         Defendants have also not identified what specifically within the records is a trade secret.

22   See Foltz, 331 F.3d at 1137 ("We have previously noted [the party's] failure to identify where in

23   the documents confidential financial information and trade secrets are to be found"). It appears

24

they argue that all of exhibits 3, 9, and 23 contain trade secrets. Exhibit 3 is a business plan from 2005. (Chase Decl. re class certification, Ex. 3.) Exhibit 9 contains documents from 2007 and 2009, including a department employee directory, instructions on staff coverage, and marketing instructions. (Id., Ex. 9.) Exhibit 23 contains documents related to a 2011 meeting to review business processes, with descriptions of staff positions, sample solicitations, and workflow charts. (Id., Ex. 23.) But because "a trade secret is a process or device for continuous use in the operation of the business," Defendants would have to show that whatever qualifies as a trade secret is something their businesses continue to use. See Clark v. Bunker, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement of Torts, § 757, cmt. b). Defendants have not provided any evidence, such as a supporting declaration, from which the Court can conclude the documents in fact contain trade secrets, in that they remain relevant to their business operations, or that potential competitor access would harm them in a specific, nonspeculative way.

      Instead, Defendants have supplied conclusory statements unsupported by evidence. (E.g., Dkt. No. 71 at 11 ("there is information throughout both [presentation] decks [in exhibits 7 and 25] whose publication would give Defendants' competitors access to proprietary marketing strategies that Defendants' business is reliant upon.").) The compelling reasons standard requires more. See Kamakana, 447 F.3d at 1182 ("These conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents.") As one contrary example, Defendants cite in support Microsoft Corp. v. Motorola, Inc., in which this Court granted in part and denied in part motions to seal trial exhibits. C10-1823 JLR, 2012 WL 5476846 (W.D. Wash., Nov. 12, 2012). But the parties in that case provided substantial evidence, including supporting declarations, which allowed the Court to assess the validity of the reasons they provided and weigh it against the public's right to understand the basis for the trial

decision. See generally id. (and documents relied upon). Defendants have simply not done that here.

Finally, Defendants' briefing is limited to exhibits 3, 7, 9, 20, 23, 25, 40, 42, and 46–49 to the Chase Declaration in support of the motion for class certification and exhibits 3 and 19 of the Birk Declaration in support of the motion for partial summary judgment. (See generally Dkt. No. 71.) They have not articulated any reason to keep the other documents sealed. These include: exhibits 6, 8, 10–17, 22, 24, 26–38, 41, 43–44, and 51 of the Chase Declaration and exhibits 4, 11, 15, 18, and 20 of the Birk Declaration. By failing to address these documents, Defendants have not met their burden. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096–97 (9th Cir. 2016); Local Civ. R. 5(g)(3)(B).

**Conclusion**

In sum, Defendants have the burden of establishing that there is a compelling reason to keep sealed documents they have marked confidential which are relevant to deciding Plaintiffs' motion for class certification and motion for partial summary judgment on choice of law. They have not met that burden because they have provided no evidence from which the Court can make the factual findings necessary to overcome the longstanding public right of access to court records and because they have not specifically addressed other documents at issue. The clerk shall unseal the records as set forth in this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 18, 2022.

Marsha J. Pechman
United States Senior District Judge