1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RENALDO WHITE and RANDOLPH
NADEAU, individually and on behalf of all
others similarly situated,

                    Plaintiffs,

          v.

SYMETRA ASSIGNED BENEFITS SERVICE
COMPANY and SYMETRA LIFE
INSURANCE COMPANY,

                    Defendants.

No. 2:20-cv-01866-MJP

**PLAINTIFFS' UNOPPOSED MOTON
FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

**NOTE ON MOTION CALENDAR:
February 19, 2025**

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## TABLE OF CONTENTS

I.    BACKGROUND ............................................................................................. 1

II.   THE PROPOSED SETTLEMENT AGREEMENT, NOTICE
      PROGRAM, AND PLAN OF ALLOCATION ........................................... 4

III.  CERTIFICATION OF THE SETTLEMENT CLASS .................................. 5

IV.   PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT ...................... 8

V.    THE SETTLEMENT MERITS PRELIMINARY APPROVAL .................................. 10

      A.    The Class Has Been Adequately Represented. .................................. 10

      B.    The Proposed Settlement Was Negotiated at Arm's Length. ........................... 11

      C.    The Relief Provided for the Class is More Than Adequate. ............................ 12

            1.    The costs, risks, and delay of trial and appeal. ..................................... 13

            2.    The effectiveness of any proposed method of distributing
                  relief to the Class, including the method of processing
                  Class-member claims. ................................................................. 14

            3.    The terms of any proposed award of attorneys' fees,
                  including timing of payment. ....................................................... 15

            4.    Any agreement required to be identified under Rule
                  23(e)(3). ..................................................................................... 15

      D.    The Proposed Settlement Treats Class Members Equitably Relative
            to Each Other. ....................................................................................... 15

VI.   THE PROPOSED NOTICE PROGRAM AND SETTLEMENT
      ADMINISTRATOR SHOULD BE APPROVED ........................................ 17

VII.  CONCLUSION ...................................................................................... 18

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT - i
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Abadilla v. Precigen, Inc.,*
5    No. 20-cv-06936-BLF, 2023 U.S. Dist. LEXIS 199150 (N.D. Cal. Nov. 6,
   2023)........................................................................................................................................16
6

*Amchem Prods., Inc. v. Windsor,*
7    521 U.S. 591 (1997) ................................................................................................................8

8
*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds,*
9    568 U.S. 455 (2013) ................................................................................................................6

10
*In re Apple Inc. Device Performance Litig.,*
   50 F.4th 769 (9th Cir. 2022) ..........................................................................................9, 15
11

*In re Bluetooth Headset Prods. Liab. Litig.,*
12    654 F.3d 935 (9th Cir. 2011) .......................................................................................11, 15

13 *Briseño v. Henderson,*
   998 F.3d 1014 (9th Cir. 2021) .......................................................................................9, 11
14

15 *Callahan v. Commonwealth Gen. Assignment Corp.,*
   No. 3:99-CV-73-R, 1999 U.S. Dist. LEXIS 21924 (W.D. Ky. Nov. 3, 1999)........................8
16

*CGU Life Ins. Co. of Am. v. Metro. Mortg. & Secs. Co.,*
17    131 F. Supp. 2d 670 (E.D. Pa. 2001) ....................................................................................8

18 *Churchill Vill., LLC v. Gen. Elec.,*
   361 F.3d 566 (9th Cir. 2004) .................................................................................9, 10, 12
19

20 *Doe v. Kidwell,*
   No. 97-3289 (Ohio Ct. Com. Pl. Lucas Cnty. Aug. 18, 1999) ...............................................8
21

*Downey Surgical Clinic, Inc. v. OptumInsight, Inc.,*
22    No. CV09-5457 PSG, 2016 U.S. Dist. LEXIS 145000 (C.D. Cal. May 16,
   2016)........................................................................................................................................16
23

*Espinosa v. United of Omaha Life Ins. Co.,*
24    137 P.3d 631 (N.M. Ct. App. 2006) ......................................................................................8

25 *In re Flint Water Cases,*
   571 F. Supp. 3d 746 (E.D. Mich. 2021) ..............................................................................11
26

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT - ii
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Fusion Elite All Stars v. Varsity Brands, LLC,*
   No. 2:20-cv-02600-SHL-tmp, 2023 U.S. Dist. LEXIS 179316 (W.D. Tenn.
   Oct. 4, 2023) ...............................................................................................................15

*In re Glumetza Antitrust Litig.,*
   No. C 19-05822 WHA, 2022 U.S. Dist. LEXIS 20157 (N.D. Cal. Feb. 3,
   2022).................................................................................................................... 15, 16

*In re Greenly,*
   481 B.R. 299 (Bankr. E.D. Pa. 2012)...........................................................................8

*Grieve v. Gen. Am. Life Ins. Co.,*
   58 F. Supp. 2d 319 (D. Vt. 1999)..................................................................................8

*Hanlon v. Chrysler Corp.,*
   150 F.3d 1011 (9th Cir. 1998) ...........................................................................5, 9, 13

*Henderson v. Roadway Express,*
   720 N.E.2d 1108 (Ill. App. Ct. 1999)...........................................................................7

*Herman v. Andrus Transp. Servs.,*
   No. EDCV 16-02365 AG (DTBx), 2018 U.S. Dist. LEXIS 189172 (C.D. Cal.
   Feb. 2, 2018) ...............................................................................................................17

*Hesse v. Sprint Corp.,*
   598 F.3d 581 (9th Cir. 2010) ........................................................................................4

*Hunichen v. Atonomi LLC,*
   No. 2:19-cv-00615-RAJ-SKV, 2024 U.S. Dist. LEXIS 114730 (W.D. Wash.
   June 28, 2024)..............................................................................................................16

*In re Hyundai & Kia Fuel Econ. Litig.,*
   926 F.3d 539 (9th Cir. 2019) (en banc) ........................................................................8

*In re Ins. Brokerage Antitrust Litig.,*
   282 F.R.D. 92 (D.N.J. 2012)........................................................................................13

*J.G. Wentworth LLC v. Christian,*
   No. 07 MA 113, 2008 Ohio App. LEXIS 2581 (Ohio Ct. App. June 17, 2008) ......................8

*Kim v. Allison,*
   8 F.4th 1170 (9th Cir. 2021) ...................................................................... 9, 10, 12, 14

*Leyva v. Medline Indus. Inc.,*
   716 F.3d 510 (9th Cir. 2013) ........................................................................................6

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT - iii
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Liberty Assignment Corp. v. Bluegrass Cap. Grp.*,
    No. 2011-CA-000852-MR, 2013 Ky. App. Unpub. LEXIS 268 (Ky. Ct. App.
    Apr. 5, 2013) ................................................................................................................8

*Liberty Life Assurance Co. of Boston v. Stone St. Cap., Inc.*,
    93 F. Supp. 2d 630 (D. Md. 2000) ...............................................................................8

*Logitech, Inc. v. United States Dist. Court (In re Logitech, Inc.)*,
    784 F. App'x 514 (9th Cir. 2019) .................................................................................6

*Lopez v. Velocity Transp. LLC*,
    No. 22-cv-1414-RSH-KSC, 2024 U.S. Dist. LEXIS 218690 (S.D. Cal. Dec. 3,
    2024) ...........................................................................................................................13

*Mannacio v. Sovereign Lending Grp. Inc.*,
    No. 3:22-cv-05498-TMC, 2023 U.S. Dist. LEXIS 177275 (W.D. Wash. Oct.
    2, 2023) .......................................................................................................................18

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ............................................................................. 13, 17

*In re MGM Mirage Sec. Litig.*,
    708 F. App'x 894 (9th Cir. 2017) ...............................................................................12

*Mild v. PPG Indus.*,
    No. 2:18-cv-04231-RGK-JEM, 2019 U.S. Dist. LEXIS 124352 (C.D. Cal.
    July 25, 2019) .............................................................................................................13

*Nacif v. Athira Pharma, Inc.*,
    No. C21-0861 TSZ, 2024 U.S. Dist. LEXIS 26937 (W.D. Wash. Feb. 15,
    2024) ...........................................................................................................................17

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ...............................................................................11

*Nichols v. SmithKline Beecham Corp.*,
    No. 00-6222, 2005 U.S. Dist. LEXIS 7061 (E.D. Pa. Apr. 22, 2005) ........................13

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of S.F.*,
    688 F.2d 615 (9th Cir. 1982) ......................................................................................12

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ......................................................................16

*In re Oracle Sec. Litig.*,
    No. C-90-0931-VRW, 1994 WL 502054 (N.D. Cal. June 18, 1994) ..........................16

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT - iv
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*In re Premera Blue Cross Customer Data Sec. Breach Litig.*,
    No. 3:15-md-2633-SI, 2019 U.S. Dist. LEXIS 127093 (D. Or. July 29, 2019) ....................8

*Rannis v. Recchia*,
    380 F. App'x 646 (9th Cir. 2010) .........................................................................................6

*In re Rapid Settlements Ltd's Application for Approval of Structured Settlement
    Payment Rights*,
    136 P.3d 765 (Wash. Ct. App. 2006) ....................................................................................8

*Reichert v. Keefe Commissary Network, L.L.C.*,
    331 F.R.D. 541 (W.D. Wash. 2019) ......................................................................................6

*Rinky Dink, Inc. v. World Bus. Lenders, LLC*,
    No. C14-0268-JCC, 2016 U.S. Dist. LEXIS 203176 (W.D. Wash. Feb. 3,
    2016) ....................................................................................................................................17

*Sanders v. JGWPT Holdings, LLC*,
    No. 14 C 9188, 2017 U.S. Dist. LEXIS 95185 (N.D. Ill. June 20, 2017) ..............................8

*Settlement Funding, LLC v. Brenston*,
    998 N.E.2d 111 (Ill. App. Ct. 2013) .....................................................................................8

*Short v. Singer Asset Fin. Co.*,
    107 F. App'x 738 (9th Cir. 2004) .........................................................................................7

*Singer Asset Fin. Co. v. CGU Life Ins. Co.*,
    567 S.E.2d 9 (Ga. 2002) .......................................................................................................7

*Six (6) Mexican Workers v. Ariz. Citrus Growers*,
    904 F.2d 1301 (9th Cir. 1990) ...........................................................................................15

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) .................................................................................................9

*Sullivan v. DB Invs., Inc.*,
    667 F.3d 273 (3d Cir. 2011) ..................................................................................................8

*Taylor v. Universal Auto Grp. I, Inc.*,
    No. 3:13-cv-05245-KLS, 2014 U.S. Dist. LEXIS 164312 (W.D. Wash. Nov.
    24, 2014) ................................................................................................................................6

*In re Telik, Inc. Sec. Litig.*,
    576 F. Supp. 2d 570 (S.D.N.Y. 2008) ................................................................................13

*United States ex rel. Terry v. Wasatch Advantage Grp., LLC*,
    No. 2:15-cv-00799-KJM-DB, 2020 U.S. Dist. LEXIS 7090 (E.D. Cal. Jan. 14,
    2020) ....................................................................................................................................17

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT - v
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*In the Matter of Transfer of Structured Settlement Rights by Aaron D. Pikula*,
  No. C3-05-1487, 2005 WL 3963777 (Dist. Ct. Minn. Nov. 3, 2005)......................................8

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002) ...............................................................................................15

*Voulgaris v. Array Biopharma, Inc.*,
  60 F.4th 1259 (10th Cir. 2023) ..............................................................................................13

*Wal-Mart v. Dukes*,
  564 U.S. 338 (2011) ................................................................................................................6

*Weiner v. Tivity Health, Inc.*,
  No. 3:17-cv-01469, 2021 U.S. Dist. LEXIS 269382 (M.D. Tenn. Oct. 7, 2021)..................13

*White v. Symetra Assigned Benefits Serv. Co.*,
  104 F.4th 1182 (9th Cir. 2024) .....................................................................................3, 6, 7, 14

*Williams v. Pillpack LLC*,
  No. 3:19-cv-05282-DGE, 2024 U.S. Dist. LEXIS 195281 (W.D. Wash. Sept.
  17, 2024)................................................................................................................................18

*In re Zillow Grp., Inc. Sec. Litig.*,
  No. 2:17-cv-1387-JCC, 2023 U.S. Dist. LEXIS 61998 (W.D. Wash. Apr. 3,
  2023)......................................................................................................................................17

*Zuern v. IDS Prop. Cas. Ins. Co.*,
  No. 3:19-CV-06235-MLP, 2021 U.S. Dist. LEXIS 99951 (W.D. Wash. May
  26, 2021)................................................................................................................................12

**Statutes**

La. Stat. Ann. § 10:9-406(k)(1) ...................................................................................................8

N.J. Stat. Ann. § 12A:9-109(8)....................................................................................................8

N.J. Stat. Ann. § 12A:9-406(h)....................................................................................................8

**Rules**

Fed. R. Civ. P. 23(b) ...............................................................................................................6, 8

Fed. R. Civ. P. 23(e)..........................................................................................................*passim*

**Other Authorities**

4 *Newberg on Class Actions* (6th ed. 2022) ...............................................................9, 10, 11, 16

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT - vi
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Plaintiffs Renaldo White and Randolph Nadeau ("Plaintiffs" or "Class Representatives"), on behalf of themselves and a proposed settlement class (the "Settlement Class") have reached a settlement ("Settlement") with Symetra Assigned Benefits Service Company and Symetra Life Insurance Company (collectively, "Defendants"). Plaintiffs respectfully request that the Court certify the proposed Settlement Class, enter the Proposed Preliminary Approval Order, direct issuance of class notice, and set a schedule for final approval.

This litigation was hard-fought and the settlement with Defendants was hard-won: Plaintiffs saw this case through a wide-ranging motion to dismiss, conducted and responded to extensive discovery, and obtained summary judgment as to choice of law. Although Plaintiffs initially achieved class certification, that decision was reversed on appeal. Nevertheless, Plaintiffs have been able to obtain substantial and meaningful relief for the proposed Settlement Class, which constitutes a significant portion of the former class. The Settlement was negotiated at arm's length and ultimately resulted from the efforts of independent mediator Stew Cogan.

The Settlement—under which Defendants will pay the Settlement Class $2,175,000—provides the Settlement Class with substantial, tangible, and immediate benefits. It encompasses 299 transactions in which Defendants bought payment streams from Settlement Class members. The Settlement thus yields an average payout of $7,274.24 per transaction (before deductions for fees and costs). And Settlement Class members will receive their money directly and without a claims process. The Settlement thus provides excellent relief to the Settlement Class and should be preliminarily approved.

## I.    BACKGROUND

As the Court is aware, this case challenged the unlawful business practices of Defendants Symetra Life Insurance Company ("Symetra") and its affiliate, Symetra Assigned Benefits Service Company ("SABSCO"). Plaintiffs initially filed suit on behalf of beneficiaries of structured settlement annuities ("SSAs") issued by Symetra and assigned to SABSCO. SSAs were developed to provide for the long-term medical care and living expenses of injury victims,

MOT. FOR PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT - 1
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

such as Plaintiffs, and to guard against them becoming wards of the state. Congress encouraged the use of SSAs issued by companies like Symetra by providing them with substantial tax benefits.

The operative Complaint (Dkt. # 28) alleged that, when Defendants' book of SSA business grew less profitable, they sought to shed their risk at Plaintiffs' expense, by setting up an in-house "factoring" operation. Defendants misused information regarding Plaintiffs, obtained in confidence and for the purpose of protecting the long-term security of this vulnerable group, to prey upon the same injury victims they had a duty to protect. Defendants funded this operation through statutory reserves set aside for Plaintiffs' benefit. Plaintiffs therefore pursued claims under RICO and consumer protection statutes on behalf of a class of all such payees of Defendants whose SSAs contemplated life contingent payments and whose payment streams Defendants subsequently purchased. Dkt. # 62 at p. 2.

Plaintiffs also brought claims on behalf of a subclass for breach of contract claims. Many of the underlying settlement agreements for beneficiaries contained a provision protecting the payees from alienating their own payments by depriving them of the power to sell their payment streams ("Power Language"). Defendants, in issuing the annuities, undertook the obligation of the settlement agreements. Thus, by violating the Power Language and cutting off further payments, Defendants breached their contractual duties to their own payees.

As discovery progressed, Plaintiffs moved for partial summary judgment, seeking application of Washington law for, *inter alia*, Plaintiffs' breach of contract claims. Defendants opposed, pointing to a few samples of the underlying settlement agreements that contained choice of law provisions calling for application of the laws of certain other states. However, Plaintiffs had long sought information of all such settlement agreements in discovery and other data, but Defendants had refused to produce them. Ultimately, this Court held that Washington law would apply to all class contract claims, except for the few class members for which

MOT. FOR PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT - 2
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Defendants had produced a settlement agreement containing a choice of law clause requiring application of other law.[1]

Plaintiffs also moved for class certification, and in this Court obtained certification of a class of approximately 1,939 individuals to pursue claims under RICO and state consumer protection laws, as well as subclass of those pressing breach of contract claims where their underlying settlement agreements contained "Power Language," i.e., a provision explicitly stating that the annuity beneficiary lacked the power to assign annuity payments.[2]

The Ninth Circuit reversed, vacating certification of the RICO and consumer protection class.[3] The court also reversed certification of the subclass, but on a much narrower basis.[4]

Following remand, Plaintiffs informed Defendants that they intended to pursue recertification of the subclass for at least those states under whose law the Power Language here is likely to be enforced based on Class Counsel's research, to wit: Georgia, Idaho, Illinois, Kentucky, Louisiana, Minnesota, Missouri, New Jersey, New Mexico, Ohio, Pennsylvania, Vermont, and Washington (the "Settlement States"). The parties then agreed to enter into settlement discussions, and jointly applied to this Court for a stay of discovery pending mediation, which the court granted. Dkt. # 148.

The parties then engaged in months-long talks, during which Plaintiffs were supplied with additional discovery needed for a potential renewed class. Defendants produced many of the underlying settlement agreements which Plaintiffs had long sought.[5] Defendants also provided additional data concerning transactions in which Defendants purchased payment streams from

---

[1] *See* Dkt. # 121 at p. 10.

[2] Dkt. # 123 at pp. 9-32.

[3] *White v. Symetra Assigned Benefits Serv. Co.*, 104 F.4th 1182, 1192-98 (9th Cir. 2024).

[4] *Id.* at 1198-1201.

[5] Defendants continued to claim they would incur disproportionately large expenses in pulling all settlement agreements. They proposed instead that the parties use the state of court approvals as a proxy for the choice of governing law provisions, as set forth in a document produced by Defendants (Bates numbered DEFESI_004224a.xlxs). Defendants thus produced settlement agreements in which purchase transactions were approved in the Settlement States, with the respective state of approval to be used in place of the otherwise governing law. Plaintiffs agreed to use these documents as the basis for the Settlement.

---

MOT. FOR PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT - 3
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

the class. Plaintiffs' counsel reviewed those agreements and identified which of them contained Power Language. And with the new data, Plaintiffs were able to identify the payment purchase transactions associated with those agreements. That analysis was then shared with Defendants.

These discussions culminated in a settlement conference with Mr. Cogan on November 19, 2024. After a long day of exchanges, the parties reached a settlement in principle on behalf of the renewed Settlement Class.

## II.    THE PROPOSED SETTLEMENT AGREEMENT, NOTICE PROGRAM, AND PLAN OF ALLOCATION

The Settlement Agreement provides that Defendants will pay $2,175,000 to create a non-reversionary common fund. *See* Declaration of Adele Daniel Supporting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Daniel Decl."), Ex. 1. After deduction of settlement-administration costs and any Court-approved award of attorneys' fees,[6] reimbursement of litigation expenses, and service awards to the Class Representatives, the settlement funds will be distributed to the Settlement Class members in accordance with the plan of allocation, subject to Court approval. In exchange, those Settlement Class members will release all claims against Defendants with the same factual predicate that they could have asserted in this action, a scope of release consistent with Ninth Circuit precedent. *See Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010). As discussed further below, under the proposed plan of allocation, Settlement Class members will receive a payment for each qualifying SSA payment stream purchase transaction. Settlement Class member payments will be made automatically by check sent via First Class U.S. mail; Settlement Class members need not complete a claim form to obtain their settlement payments.

*Plan of Allocation:* The plan of allocation proposed is for Strategic Claims Services (the "Settlement Administrator") to calculate the amount to be paid to each Settlement Class member, using the following algorithm. *First*, the Settlement Administrator will preliminarily deduct any

---

[6] Class Counsel intend to seek an award of 25% of the settlement amount.

MOT. FOR PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT - 4
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

settlement-administration costs, Court-approved award of attorneys' fees, reimbursement of litigation expenses, and service awards to the Class Representatives from the Settlement Fund (the "Net Settlement Fund"). *Second*, the Settlement Administrator will divide the Net Settlement Fund by the total number of Qualifying Transactions made by the Settlement Class. A "Qualifying Transaction" is a Settlement Class Member's sale of SSA payments to one or more Defendants, as determined from data produced by Defendants in this case. This calculation will yield the figure which Settlement Class members will receive for each such Qualifying Transaction that the Settlement Class member made, again as determined from Defendants' records. That figure is the "Payment Per Qualifying Transaction." *Third*, the Settlement Administrator will determine, based on data produced in this case, how many Qualifying Transactions each Settlement Class member made. *Finally*, the Class Administrator will multiply each Settlement Class member's number of Qualifying Transactions by the Payment Per Qualifying Transaction. The resulting number is how much each Settlement Class member can be expected to receive.

Plaintiffs currently estimate, based on currently available data, that the Net Settlement Fund amount will be sufficient to make a Payment Per Qualifying Transaction of $7,274.24, before the anticipated deduction of fees and costs from the Settlement Fund.[7] Funds remaining in the Settlement Account one year after settlement payments issue ("Residual Funds"), will be donated to an appropriate charity to be selected under *cy pres* principles. No portion of the Settlement Fund will revert to Defendants.

### III.    CERTIFICATION OF THE SETTLEMENT CLASS

The Ninth Circuit recognizes that classes may be certified for purposes of settlement, but has cautioned that courts "must pay 'undiluted, even heightened, attention' to class certification requirements in a settlement context." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.

---

[7] Of course, members of the formerly certified classes who are *not* included in the settlement Class would not receive a payment under the Settlement and would not be releasing any claims against Defendants.

1998) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)), *overruled on other grounds, Wal-Mart v. Dukes*, 564 U.S. 338 (2011). *See also Logitech, Inc. v. United States Dist. Court (In re Logitech, Inc.)*, 784 F. App'x 514, 516 (9th Cir. 2019) (same).

"Under Rule 23, a class action may be maintained if the four prerequisites of Rule 23(a) are met, and the action meets one of the three kinds of actions listed in Rule 23(b)." *White*, 104 F.4th at 1191 (citation omitted). The class must also meet the requirements of Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *see also Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 460 (2013).

To be certified, the proposed class "must meet the four threshold requirements of Federal Rule of Civil Procedure 23(a): numerosity, commonality, typicality, and adequacy of representation." *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 512 (9th Cir. 2013). The class must also meet the requirements of one subsection of Rule 23(b)(3). *Id.*

***Numerosity, Typicality, and Adequacy.*** The Ninth Circuit recited the numerosity, typicality, and adequacy of representation requirements and noted that "none of [these] are disputed here." *White*, 104 F.4th at 1191. This Court's prior findings on these points therefore adhere on remand. The class remains sufficiently numerous: the Settlement Class comprises 134 class members,[8] which exceeds the thresholds usually required by courts.[9] As to typicality, this Court previously held the injury claims asserted here are "typical of the class and subclass, and Defendants do not contest this element of Rule 23." Dkt. # 123 at p. 7. And both the named Plaintiffs and Class Counsel will adequately represent the Settlement Class, both for the reasons

---

[8] *See* Daniel Decl., Ex. 1, Ex. A. As the identities of the Class members is known, what some courts refer to as an "ascertainability" requirement is also satisfied. *Reichert v. Keefe Commissary Network, L.L.C.*, 331 F.R.D. 541, 556 (W.D. Wash. 2019).

[9] *See Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010) ("In general, courts find the numerosity requirement satisfied when a class includes at least 40 members."); *Taylor v. Universal Auto Grp. I, Inc.*, No. 3:13-cv-05245-KLS, 2014 U.S. Dist. LEXIS 164312, at *21-22 (W.D. Wash. Nov. 24, 2014) ("classes comprising less than 100 and as few as 40 members have been found to be generally sufficient") (citation omitted).

previously noted by the Court, *see id.* at 8-9, and because they have pursued this case even after the reversal by the Court of Appeals, and persisted until they achieved the settlement for the Settlement Class now under consideration.

       ***Commonality and Predominance.*** As to commonality and predominance, the concerns that animated the Court of Appeals no longer apply. The RICO and consumer protections claims are no longer the subject of certification. And although the Court of Appeals disallowed a nationwide class for the contract claims, it did not prohibit the certification of *any* class. The court merely stated that, on the record before it, "[P]laintiffs have not demonstrated how the subclass could be certified." *White*, 104 F.4th at 1200-01. The Court of Appeals apparently believed that choice of law provisions in the settlement agreements would call for application of laws of varying states (despite the lack of all but a few of the agreements being in the record, given Defendants' refusal to produce them), that some variation in state law existed, and that the record raised questions whether Plaintiffs could support certification of a "nationwide consumer class action" because of a generalized concern that "potentially varying state laws may defeat predominance in certain circumstances." *Id.* at 1199 (citation omitted). However, the Court of Appeals eschewed a "full examination" of the various state laws, concluding only that Plaintiffs had not shown how the subclass could be maintained "[a]s the record presently stands." *Id.* at 1200-01.

       Any such concerns are obviated here because the Settlement Class is now limited to transactions approved in the Settlement States,[10] *i.e.*, those states that research reveals are already favorable to the enforcement of anti-assignment language, including the type of Power Language contained in the contracts at issue here.[11] Thus, under this Settlement, the variations in state law

---

[10] The parties have agreed, for purposes of this Settlement, to use the state of approval in lieu of the state law selected in Class members' underlying tort settlement agreement. Daniel Decl., Ex. 1 ¶ 27. This accord between Defendants and the Class would supersede any prior terms in Class members' tort settlement agreements as to what is the applicable law for the Class claims against Defendants here.

[11] ***Georgia***. *Singer Asset Fin. Co. v. CGU Life Ins. Co.*, 567 S.E.2d 9 (Ga. 2002); ***Idaho***. *Short v. Singer Asset Fin. Co.*, 107 F. App'x 738, 739 (9th Cir. 2004); ***Illinois***. *Henderson v. Roadway Express*, 720 N.E.2d 1108, 1110 (Ill.

---

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

posited by the Ninth Circuit do not pertain. In light of the Settlement, questions and answers concerning liability for breach of contract are now predominantly common for all Settlement Class members, and therefore the Court need not engage in any individualized inquiries on the applicable law.[12]

*Superiority.* A class action remains the superior means to adjudicate this dispute, as the Court previously held. *See* Dkt. # 123 at p. 32. The specter of unmanageability raised by the Ninth Circuit—of separate proceedings under varying laws—has been exorcised. "Whether trial would present intractable management problems, *see* Rule 23(b)(3)(D), is not a consideration when settlement-only certification is requested, for the proposal is that there be no trial." *Amchem*, 521 U.S. at 593. *Cf. Premera*, 2019 U.S. Dist. LEXIS 127093, at *51 n.5.

## IV. PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT

Judicial policy strongly favors settlements, "particularly where complex class action litigation is concerned." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (en banc) (citation omitted). Approval of a class action settlement is a two-step process.

App. Ct. 1999); *Settlement Funding, LLC v. Brenston*, 998 N.E.2d 111, 120-21 (Ill. App. Ct. 2013); *Sanders v. JGWPT Holdings, LLC*, No. 14 C 9188, 2017 U.S. Dist. LEXIS 95185, at *4-7 (N.D. Ill. June 20, 2017). **Kentucky**. *Callahan v. Commonwealth Gen. Assignment Corp.*, No. 3:99-CV-73-R, 1999 U.S. Dist. LEXIS 21924, at *4 (W.D. Ky. Nov. 3, 1999); *Liberty Assignment Corp. v. Bluegrass Cap. Grp.*, No. 2011-CA-000852-MR, 2013 Ky. App. Unpub. LEXIS 268, at *6-7 (Ky. Ct. App. Apr. 5, 2013); *In re Greenly*, 481 B.R. 299, 312 (Bankr. E.D. Pa. 2012). **Louisiana**. La. Stat. Ann. § 10:9-406(k)(1); **Minnesota**. *In the Matter of Transfer of Structured Settlement Rights by Aaron D. Pikula*, No. C3-05-1487, 2005 WL 3963777, at *2 (Dist. Ct. Minn. Nov. 3, 2005); **Missouri**. *Liberty Life Assurance Co. of Boston v. Stone St. Cap., Inc.*, 93 F. Supp. 2d 630, 636-37 (D. Md. 2000); **New Jersey**. N.J. Stat. Ann. § 12A:9-109(8), (12); N.J. Stat. Ann. § 12A:9-406(h); **New Mexico**. *Espinosa v. United of Omaha Life Ins. Co.*, 137 P.3d 631, 639 (N.M. Ct. App. 2006); **Ohio**. *J.G. Wentworth LLC v. Christian*, No. 07 MA 113, 2008 Ohio App. LEXIS 2581, at *19-22 (Ohio Ct. App. June 17, 2008); *Doe v. Kidwell*, No. 97-3289 (Ohio Ct. Com. Pl. Lucas Cnty. Aug. 18, 1999). **Pennsylvania**. *CGU Life Ins. Co. of Am. v. Metro. Mortg. & Secs. Co*., 131 F. Supp. 2d 670, 675-80 (E.D. Pa. 2001); *In re Greenly*, 481 B.R. 299, 312 (Bankr. E.D. Pa. 2012); **Vermont**. *Grieve v. Gen. Am. Life Ins. Co*., 58 F. Supp. 2d 319, 324 (D. Vt. 1999). **Washington**. Dkt. # 44 at 21-22; *In re Rapid Settlements Ltd's Application for Approval of Structured Settlement Payment Rights*, 136 P.3d 765, 776 (Wash. Ct. App. 2006).

[12] *See Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 304 (3d Cir. 2011) ("The proposed settlement here obviates the difficulties inherent in proving the elements of varied claims at trial or in instructing a jury on varied state laws, and the difference is key.") (citation omitted); *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, No. 3:15-md-2633-SI, 2019 U.S. Dist. LEXIS 127093, at *51 n.5 (D. Or. July 29, 2019) ("[C]oncerns about trial manageability with applying the varying laws of separate states, which is often a major concern with respect to predominance when there are differences in state law, is not applicable when considering certification for settlement purposes only.").

The first step is preliminary approval. Per Rule 23(e)(1)(B)(i), at the preliminary approval stage, a reviewing court must determine whether it will likely be able to approve the proposed settlement under the factors set forth in Rule 23(e)(2). Fed. R. Civ. P. 23(e)(1)(B)(i). Under Rule 23(e)(2), the court determines if the settlement is "fair, reasonable, and adequate." *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 780 (9th Cir. 2022) (quoting Fed. R. Civ. P. 23(e)(2)). The rule requires consideration of the following factors in the approval of a class settlement:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). *See also Briseño v. Henderson*, 998 F.3d 1014, 1026 (9th Cir. 2021) (describing the Ninth Circuit's eight factor test as "fall[ing] within the ambit of the revised Rule 23(e)").[13] Two of these factors—adequate representation and arm's length negotiation—are "procedural." Fed. R. Civ. P. 23(e)(2) advisory committee note to 2018 amendment. The remaining factors are "substantive" and "look at the adequacy of the class's relief and the equity of its distribution across the class." 4 *Newberg on Class Actions* § 13:13 (6th ed. 2022).

---

[13] Before the amendment of Rule 23(e) in 2018, the Ninth Circuit directed consideration of eight factors—often called the *Hanlon* (*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)), *Staton* (*Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003)), or *Churchill* (*Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)) factors—which overlap in substantial respects with the Rule 23(e) factors: "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement." *Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021) (citations omitted).

MOT. FOR PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT - 9
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## V.     THE SETTLEMENT MERITS PRELIMINARY APPROVAL

The Settlement warrants preliminary approval. The Settlement came only after years of hard-fought litigation and were negotiated by experienced Class Counsel, who were well-positioned to understand the risks, especially in the shadow of the Ninth Circuit's vacatur. The Settlement was the product of serious, arm's-length negotiations, with the Settlement resulting from the proposal of one of this district's most respected mediators. The Settlement presents no deficiencies, treats Settlement Class members equitably, and represents an excellent result.

### A.     The Class Has Been Adequately Represented.

The Class Representatives and Class Counsel have adequately represented the Settlement Class. *See* Fed. R. Civ. P. 23(e)(2)(A). The Advisory Committee's notes state that the nature and amount of discovery conducted, and the adequacy of counsel's information, are factors to consider in the approval of a class settlement. 4 *Newberg on Class Actions* § 13:49 (6th ed. 2022). The Ninth Circuit has similarly instructed that "the extent of discovery completed and the stage of the proceedings" should be considered in analyzing the fairness of a proposed class settlement. *Kim*, 8 F.4th at 1178; *Churchill*, 361 F.3d at 575.

Class Counsel have vigorously prosecuted this action for over four years. Defendants vigorously defended this action with the assistance of a nationally-known law firm. There has been substantial discovery in this case, which included the production of reams of documents and data and an expert report by veteran actuary Corwin Zass. Daniel Decl. ¶ 3.

Class Counsel are highly qualified lawyers with extensive experience successfully prosecuting complex cases and consumer class actions. *See* Dkt. # 65-21 – 65-23 (class counsel resumes submitted in connection with class certification). Class Counsel were well-versed in the applicable law from the outset, and have become only more so after a hard-fought round of dispositive motion practice, partial summary judgment proceedings, class certification briefing, and Defendants' interlocutory Rule 23(f) appeal. Class Counsel are also well-versed in the facts

MOT. FOR PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT - 10
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

of this case from the record and expert analysis. Class Counsel are well-positioned to assess the benefits of the proposed Settlement against the risks of further litigation.

**B.    The Proposed Settlement Was Negotiated at Arm's Length.**

The Settlement is the product of serious, informed, and non-collusive negotiations at arm's length by experienced counsel, satisfying Rule 23(e)(2)(B). Rule 23 directs courts to watch for any signs of collusion, such as a settlement that benefits counsel at the expense of the class. *See* 4 *Newberg on Class Actions* § 13:50 (6th ed. 2022). The Ninth Circuit has similarly advised district courts to pay close attention to signs of collusion, such as the presence of a clear sailing arrangement, a disproportionate distribution of the settlement to counsel, and/or the presence of a reverter clause. *Briseño*, 998 F.3d at 1023; *In re Bluetooth Headset Prods. Liab. Litig*., 654 F.3d 935, 941 (9th Cir. 2011). This Settlement bears no hallmark of collusion, such as a clear sailing provision, disproportionate payment of the settlement amount to counsel, or a reverter.

Rather, the Settlement came only after substantial discovery, years of adversarial litigation, and appeal. "A settlement following sufficient discovery and genuine arms-length negotiation is presumed fair." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004); *see also* 4 *Newberg on Class Actions* § 13:14 (6th ed. 2022). The involvement of Mr. Cogan as mediator further confirms that the Settlements were reached at arms' length. *See* 4 *Newberg on Class Actions* § 13:14 (6th ed. 2022) ("Courts have also found collusion less likely when settlement negotiations are conducted by a third-party mediator[.]"). There is "no better evidence" of a "truly adversarial bargaining process" than the presence of a neutral third-party mediator. *In re Flint Water Cases*, 571 F. Supp. 3d 746, 780 (E.D. Mich. 2021) (citation omitted). Before the mediations, the parties prepared substantial briefing and presented evidence for the mediators' consideration. Mr. Cogan oversaw a day-long mediation session, and the Settlement only came about because of Mr. Cogan's encouragement of both parties to come to terms. Mr. Cogan is a highly-regarded mediator,[14] and his involvement dispels

---

[14] Stew Cogan, Nat'l Acad. of Distinguished Neutrals, https://www.nadn.org/stew-cogan (last visited Jan. 22, 2025).

MOT. FOR PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT - 11
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  any likelihood of collusion. *See*, *e.g.*, *In re MGM Mirage Sec. Litig.*, 708 F. App'x 894, 897 (9th

2  Cir. 2017) (finding a settlement was not collusive where "the parties reached a settlement after

3  extensive negotiations before a nationally recognized mediator"); *Zuern v. IDS Prop. Cas. Ins.*

4  *Co.*, No. 3:19-CV-06235-MLP, 2021 U.S. Dist. LEXIS 99951, at \*5 (W.D. Wash. May 26,

5  2021) (approving settlement "facilitated by experienced, well-qualified counsel from three

6  different law firms who participated in arms-length negotiations" resulting from mediation

7  before "respected mediator Stew Cogan").

8  **C.    The Relief Provided for the Settlement Class is More Than Adequate.**

9         The next set of Rule 23(e) factors looks to the substantive fairness of the proposed

10 settlement. *See* Fed. R. Civ. P. 23(e)(2)(C)(i)-(iv), advisory committee's note to 2018

11 amendment. The Ninth Circuit's case law likewise directs consideration of the strength of

12 plaintiffs' case; the risk, expense, and duration of further litigation, including the risk of

13 maintaining class action status through trial; and the amount offered in settlement. *Kim*, 8 F.4th

14 at 1178; *Churchill*, 361 F.3d at 575.

15        Settlements (particularly class settlements) usually provide only a fraction of potential

16 recovery. The very nature of a settlement means that litigants are compromising on the amount

17 they are willing to pay or receive, so "[i]t is well-settled law that a cash settlement amounting to

18 only a fraction of the potential recovery will not per se render the settlement inadequate or

19 unfair." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of S.F.*, 688 F.2d 615, 628 (9th

20 Cir. 1982).

21        Here, however, the Settlement provides relief that is robust when measured against the

22 likely value of the Settlement Class members' claims. The Settlement here calls for Defendants

23 to pay $2,175,000. When divided among the 299 Qualifying Transactions, the Settlement yields

24 a gross payout of $7,274.24 per transaction, before deductions for settlement administration

25 costs, attorneys' fees, and costs. The Settlement thus translates to approximately 24% of the

26

MOT. FOR PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT - 12
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

average of the expert valuation of the Settlement Class claims.[15] Such a substantial percentage

has been deemed an outstanding result in many contexts,[16] and is well above the threshold that

warrants court approval.[17]

### 1. The costs, risks, and delay of trial and appeal.

The risk of continued litigation must be balanced against the certainty and immediacy of

recovery from the settlement. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir.

2000); *Hanlon*, 150 F.3d at 1026. Given the benefit available to the Settlement Class under the

Settlement—substantial, immediate cash benefits—continued litigation is simply a risk not worth

taking.

The risks here are formidable. As discussed above, the Ninth Circuit already rejected

class certification for most of Plaintiffs' claims and raised doubt about the remaining contract

claim. Even on the remaining claim, Plaintiffs would have needed to win certification of the

Power Language class and then survived summary judgment in order to proceed to trial. At trial,

Plaintiffs could have lost, or won a verdict smaller than the damages they would have sought or

---

[15] In his report supporting class certification, Mr. Zass, an actuary, had previously developed a damage model for Plaintiffs' contract-based claims. He valued expectation (i.e., contract) damages by taking the value of the factored payment streams at the time of sale (reduced to then-present value) and subtracting the price Defendants paid had the class members as part of the factoring transaction. The average damages per class member transaction, based on Mr. Zass's aggregate calculations, are $29,977. *See* Dkt. # 65-1 (Zass Expert Report) at p. 13.

[16] *See, e.g.*, *Voulgaris v. Array Biopharma, Inc.*, 60 F.4th 1259, 1264 (10th Cir. 2023) (in securities context, recovery of 25% to 35% "dwarfs the median class action settlement for similar cases in the Tenth Circuit between 2010 and 2019 where the median settlement as a percentage of overall damages was 7.6% for similar cases") (citation omitted); *Weiner v. Tivity Health, Inc.*, No. 3:17-cv-01469, 2021 U.S. Dist. LEXIS 269382, at *5 (M.D. Tenn. Oct. 7, 2021) ("recovery of $7,500,000, which represents 17% to 22% of the [c]lass's estimated class-wide damages, is an excellent outcome for the [c]lass"); *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 580 (S.D.N.Y. 2008) (approving 25% recovery as "well above" similar cases); *Lopez v. Velocity Transp. LLC*, No. 22-cv-1414-RSH-KSC, 2024 U.S. Dist. LEXIS 218690, at *18 (S.D. Cal. Dec. 3, 2024) (finding settlement of wage and hour class action for 25% of the claimed damages to be reasonable).

[17] *Mild v. PPG Indus.*, No. 2:18-cv-04231-RGK-JEM, 2019 U.S. Dist. LEXIS 124352, at *14 (C.D. Cal. July 25, 2019) (approving settlement comprising only 5.8% of claimed damages); *Nichols v. SmithKline Beecham Corp.*, No. 00-6222, 2005 U.S. Dist. LEXIS 7061, at *52 (E.D. Pa. Apr. 22, 2005) (approving a settlement of "between 9.3% and 13.9% of damages" and noting that "[t]his percentage is consistent with those approved in other complex class action cases"); *In re Ins. Brokerage Antitrust Litig.*, 282 F.R.D. 92, 105 (D.N.J. 2012) ("The fact that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is grossly inadequate and should be disapproved. The percentage recovery, rather must represent a material percentage recovery to plaintiff in light of all the risks considered[.]") (citation omitted).

---

than the settlement amount. For example, a jury could determine (as Defendants have argued) that class members deserved no compensation for transactions that they "willingly" entered, however misguided. Had Plaintiffs prevailed, they would then need to defend any victory on appeal. In any such review, Plaintiffs would not only need to surmount the class certification challenges set up by the Ninth Circuit's decision, they would also then need to defend liability on a claim that court had already called into question.[18]

Class Counsel possess an extensive background in consumer litigation and a deep understanding of the facts of this case. In Class Counsel's informed opinion, further litigation would be contrary to the Settlement Class's interests, given the excellent benefits provided by the Settlement, and the risk that further proceedings might result in a lesser recovery or none at all. *See Kim*, 8 F.4th at 1178 (noting that the views "the experience and views of counsel" is a factor in weighing approval of a class settlement).

### 2. The effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class-member claims.

The Settlement benefits will be distributed effectively and fairly. Contact information for each member of the Settlement Class is available from Defendants' data. Moreover, the Settlement Administrator can run a search to find updated contact information for those of the Settlement Class who may have moved. Because the identity and Qualifying Transaction history of the Settlement Class members is known from the outset, there is no need for Settlement Class members to fill out a claim form, or provide other documentation, steps that often complicate the distribution of class settlements. Settlement Class members' payments will be calculated according to the plan of allocation, and then mailed to them.

---

[18] *See White*, 104 F.4th at 1198 (pondering in dicta "whether a plaintiff who agreed not to assign his or her right to payments from a tortfeasor, but then nevertheless made such an assignment, can bring a breach of contract action against a third party that is fulfilling the tortfeasor's duty to make the payments").

MOT. FOR PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT - 14
(2:20-cv-01866-MJP)

3. **The terms of any proposed award of attorneys' fees, including timing of payment.**

The Settlement provides for a non-reversionary common settlement fund of $2,175,000. Class Counsel intend to seek the Court's approval of attorneys' fees of 25% of the common fund. (Class Counsel will also request deductions for the settlement administration costs and litigation expenses.) Under the terms of the Settlement, any fees and expenses awarded by the Court will be paid to Class Counsel ten calendar days after the date of judgment or the order awarding attorneys' fees and expenses (whichever comes last). *See* Daniel Decl., Ex. 1 ¶ 53.

This request aligns with Ninth Circuit precedent, under which the percentage-of-the-recovery method is regularly applied in common fund cases. *In re Apple Inc. Device Performance Litig.*, 50 F.4th at 784; *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Class Counsel requests no more than 25%, which is the "benchmark" for a percentage-of-the-recovery award. *See Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).[19]

4. **Any agreement required to be identified under Rule 23(e)(3).**

Pursuant to Rule 23(e)(3), Class Counsel have identified all operative agreements made in connection with the Settlement, i.e., the Settlement Agreement and its exhibits.

D. **The Proposed Settlement Treats Settlement Class Members Equitably Relative to Each Other.**

The proposed allocation plan is reasonable. Each Settlement Class Member will receive a payment for each Qualifying Transaction they made with Defendants, meaning the Net Settlement Fund will be distributed *pro rata* based on the number of qualifying transactions.[20]

---

[19] As noted above, none of the *Bluetooth* collusion factors are implicated here.

[20] *Fusion Elite All Stars v. Varsity Brands, LLC*, No. 2:20-cv-02600-SHL-tmp, 2023 U.S. Dist. LEXIS 179316, at *19 (W.D. Tenn. Oct. 4, 2023) ("Courts generally find that distributing settlement funds on a pro rata basis . . . is fair and reasonable."); *In re Glumetza Antitrust Litig.*, No. C 19-05822 WHA, 2022 U.S. Dist. LEXIS 20157, at *27 (N.D. Cal. Feb. 3, 2022) ("*Glumetza*") (approving allocation of settlement fund based on *pro rata* allocation).

MOT. FOR PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT - 15
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Those payouts are estimated to be approximately 24% of average Settlement Class member damages as computed by Mr. Zass.[21]

The plan of allocation's proposed method of dividing the Settlement proceeds is fair, reasonable, and based upon the judgment of Class Counsel. "Approval of a plan of allocation of settlement proceeds in a class action . . . is governed by the same standards of review applicable to approval of the settlement as a whole: the plan must be fair, reasonable and adequate." *In re Oracle Sec. Litig.*, No. C-90-0931-VRW, 1994 WL 502054, at *1 (N.D. Cal. June 18, 1994) (citing *Class Pls. v. City of Seattle*, 955 F.2d 1268, 1284-85 (9th Cir. 1992)); *Hunichen v. Atonomi LLC*, No. 2:19-cv-00615-RAJ-SKV, 2024 U.S. Dist. LEXIS 114730, at *7 (W.D. Wash. June 28, 2024) (approving plan of allocation as "fair, reasonable and adequate, and is based on a reasonable and rational basis"). It is reasonable to allocate settlement funds to class members based on the extent of their injuries, their potential recoveries, or the strength of their claims. *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1045 (N.D. Cal. 2008). And that is what the Plan of Allocation does here. The more transactions a Settlement Class member made, the more she was harmed, and so she will get more money in compensation.

The fact that Plaintiffs intend to seek service awards in no way implicates unfairness or raises the specter of inequitable treatment. Service awards are typical in class action cases. *See* 5 *Newberg on Class Actions* § 17.1 (6th ed. 2022). Indeed, because the Named Plaintiffs here have devoted time to this action for over four years—time that no other Settlement Class members have had to devote—some compensation for that time, which has led to the creation of a fund

---

[21] *See, e.g.*, *Glumetza*, 2022 U.S. Dist. LEXIS 20157, at *27 (pro rata allocation was based on class members' purchases based on estimated classwide overcharge (i.e., delta)); *Abadilla v. Precigen, Inc.*, No. 20-cv-06936-BLF, 2023 U.S. Dist. LEXIS 199150, at *36 (N.D. Cal. Nov. 6, 2023) (basing class member payouts on "estimated amount of artificial inflation" per class member purchase of security at issue); *Downey Surgical Clinic, Inc. v. OptumInsight, Inc.*, No. CV09-5457 PSG (JCx), 2016 U.S. Dist. LEXIS 145000, at *25 (C.D. Cal. May 16, 2016) (plan of allocation is "rationally grounded in the general amount that each [c]lass member lost"). A more precise methodology "based on an exact proportionality to the 'delta'" between the value of the SSA payments a Class member sold and the corresponding price at which Defendants purchased it is not possible here because such precise data is not available, and even if it were it "would involve a much larger expense and would reduce the overall recovery for the class." *Id.* at *9.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

benefitting all Settlement Class members, is both fair and equitable. Here, the Named Plaintiffs reviewed pleadings; stayed apprised of case developments; sat for long depositions; and produced discovery. Daniel Decl. ¶ 4. While discretionary, such awards compensate class representatives for the work they have done on behalf of the class and risks they might undertake in bringing the action. *See In re Mego Fin. Corp. Sec. Litig*., 213 F.3d at 463.

## VI.    THE PROPOSED NOTICE PROGRAM AND SETTLEMENT ADMINISTRATOR SHOULD BE APPROVED

The proposed notice program comports with Rule 23 and the requirements of due process. This comprehensive plan for disseminating notice—mailing notices via U.S. Mail to the Settlement Class member's last known address—is a classic form of notice that has been approved for decades. Uncertainties plague contacting class members via electronic means—email addresses for many Settlement Class members are unknown, and given some transactions are from years ago, one does not know whether email accounts are still being checked. But U.S. mail is well-designed to reach the Settlement Class members and constitutes the best notice practicable under the circumstances. *See*, *e.g.*, *United States ex rel. Terry v. Wasatch Advantage Grp., LLC*, No. 2:15-cv-00799-KJM-DB, 2020 U.S. Dist. LEXIS 7090, at *19 (E.D. Cal. Jan. 14, 2020); *Herman v. Andrus Transp. Servs.*, No. EDCV 16-02365 AG (DTBx), 2018 U.S. Dist. LEXIS 189172, at *9 (C.D. Cal. Feb. 2, 2018); *Rinky Dink, Inc. v. World Bus. Lenders, LLC*, No. C14-0268-JCC, 2016 U.S. Dist. LEXIS 203176, at *22 (W.D. Wash. Feb. 3, 2016). In addition, documentation concerning the settlement will be available on Class Counsel's websites, and a telephone number and email address will be set up for Settlement Class members to contact the Settlement Administrator.[22]

---

[22] Strategic Claims Services has repeatedly been approved as the notice or claims administrator in class actions. *See* Strategic Claims Services Website, https://www.strategicclaims.net/; *see also In re Zillow Grp., Inc. Sec. Litig.*, No. 2:17-cv-1387-JCC, 2023 U.S. Dist. LEXIS 61998, at *5-6 (W.D. Wash. Apr. 3, 2023); *Nacif v. Athira Pharma, Inc.*, No. C21-0861 TSZ, 2024 U.S. Dist. LEXIS 26937, at *29 (W.D. Wash. Feb. 15, 2024).

MOT. FOR PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT - 17
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Settlement Class members have not previously received notice, so the notice plan also provides for a 90-day period from the date of notice for Settlement Class members to request exclusion from the Settlement Class and the proposed Settlement. *Williams v. Pillpack LLC*, No. 3:19-cv-05282-DGE, 2024 U.S. Dist. LEXIS 195281, at *31 (W.D. Wash. Sept. 17, 2024) (allowing 90 days for exclusion); *Mannacio v. Sovereign Lending Grp. Inc.*, No. 3:22-cv-05498-TMC, 2023 U.S. Dist. LEXIS 177275, at *17 (W.D. Wash. Oct. 2, 2023) (same). Settlement Class members would have the same amount of time to submit objections to the Settlement. *See Mannacio*, 2023 U.S. Dist. LEXIS 177275, at *17.

## VII.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order certifying the Settlement Class, granting preliminary approval of the proposed Settlement, directing notice be issued to the Settlement Class, and setting the schedule for remaining proceedings.

DATED this 29th day of January, 2025.

I certify that this motion contains 6,720 words, in compliance with the Court's Order of Jan. 22, 2025.

KELLER ROHRBACK L.L.P.


*s/ Gretchen Freeman Cappio*
Lynn Lincoln Sarko, WSBA #16569
Gretchen Freeman Cappio, WSBA #29576
Adele A. Daniel, WSBA #53315
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
Tel.: (206) 623-1900
Fax: (206) 623-3384
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
adaniel@kellerrohrback.com

Alison E. Chase (*pro hac vice*)
KELLER ROHRBACK L.L.P.
801 Garden Street, Suite 301
Santa Barbara, CA 93101

MOT. FOR PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT - 18 (2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Tel: (805) 456-1496
achase@kellerrohrback.com

Jerome M. Marcus (*pro hac vice*)
Daniel C. Simons (*pro hac vice*)
MARCUS & MARCUS, PLLC
P.O. Box 212
Merion Station, PA 19066
Tel.: (215) 664-1184
jmarcus@marcuslaw.us
dsimons@marcuslaw.us

Jonathan Auerbach (*pro hac vice*)
RESOLUTION STRATEGY GROUP, LLC
614 S. 4th Street, #216
Philadelphia, PA 19147
Tel.: (267) 227-1400
auerbach@ResolutionStrategyGroup.com

Edward Stone (*pro hac vice*)
EDWARD STONE LAW P.C.
175 West Putnam Avenue, 2nd Floor
Greenwich, CT 06830
Tel.: (203) 504-8425
Fax: (203) 348-8477
eddie@edwardstonelaw.com

*Attorneys for Plaintiffs*

MOT. FOR PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT - 19
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 29, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing which will send notification of such to all CM/ECF registrants.

*s/ Leslie Nims*
Leslie Nims

MOT. FOR PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT - 20
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384