UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RENALDO WHITE and RANDOLPH NADEAU, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SYMETRA ASSIGNED BENEFITS SERVICE COMPANY and SYMETRA LIFE INSURANCE COMPANY,<br><br>Defendants. | No. 2:20-cv-01866-MJP<br><br>**PRELIMINARY APPROVAL ORDER** |

Before the Court is the Motion for Preliminary Approval of Class Action Settlement ("Motion") of Plaintiffs Renaldo White and Randolph Nadeau ("Plaintiffs"), made pursuant to Fed. R. Civ. P. 23(e). (Dkt. No. 158.)

Plaintiffs and Defendants Symetra Assigned Benefits Service Company and Symetra Life Insurance Company (together, "Defendants") have entered into a Stipulation of Class Action Settlement, dated January 29, 2025 (the "Settlement Agreement"), which sets forth the terms and conditions for a proposed settlement of the claims against Defendants and for dismissal of the claims in the Action with prejudice upon the terms and conditions set forth therein.

Having reviewed the Settlement Agreement, including its proposed form of class notice and other exhibits, and the Motion the Court ORDERS as follows:

PRELIMINARY APPROVAL ORDER - 1
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1. Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1311, 1332(d) and has personal jurisdiction over all Plaintiffs and Defendants (together, the "Settling Parties"). Venue is proper in this District.

### Certification of the Proposed Settlement Class

3. The Court makes the following determinations as required by Fed. R. Civ. P. 23 solely in connection with the proposed settlement:

    a. Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Settlement Class is defined as follows:

All persons who are or were, at any time: (1) annuitants or payees under a structured settlement annuity ("SSA") issued by Symetra that contemplated life contingent payments and who subsequently sold to a Symetra Life Insurance Company affiliate Symetra Assigned Benefits Service Company (SABSCO), the right to receive payments from that SSA in a factoring transaction; (2) whose underlying settlement agreement at issue included language stating that the annuitants/payees lack the power to transfer their future SSA payments; and (3) whose transactions were approved under the laws of Georgia, Idaho, Illinois, Kentucky, Louisiana, Minnesota, Missouri, New Jersey, New Mexico, Ohio, Pennsylvania, Vermont, and/or Washington. For avoidance of doubt, the Class shall consist of only those individuals listed in Exhibit A to the Settlement Agreement. Excluded from the Class are Defendants, their parents, subsidiaries and affiliates, and employees.

    b. Pursuant to Fed. R. Civ. P. 23(a)(1), the Court determines that the Settlement Class is so numerous and geographically dispersed that joinder of all members is impracticable pursuant to Fed. R. Civ. P. 23(a)(l).

    c. Pursuant to Fed. R. Civ. P. 23(c)(l)(B), the Court determines that, in connection with the proposed settlement, the Settlement Class asserts claims and defenses which present common, classwide questions.

    d. The Court determines that, in connection with the proposed settlement, the Settlement Class likewise presents classwide issues relating to claims and defenses are

PRELIMINARY APPROVAL ORDER - 2
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

questions of law or fact common to the Settlement Class that satisfy Fed. R. Civ. P. 23(a)(2).

  e. Renaldo White and Randolph Nadeau, the named Plaintiffs in this lawsuit ("Named Plaintiffs"), are hereby appointed as representatives of the Settlement Class, for the following reasons in connection with the proposed settlement:

   (i) The Court determines that the Named Plaintiffs' claims satisfy the requirements of Fed. R. Civ. P. 23(a)(3); and

   (ii) Pursuant to Fed. R. Civ. P. 23(a)(4), the Court determines that the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class. Moreover, any Settlement Class member that wishes to opt out will be given an opportunity to do so.

  f. Pursuant to Fed. R. Civ. P. 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, common questions of law and fact predominate over questions affecting only individual members. In light of the classwide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Settlement Class as a whole, predominate over those issues that are subject only to individualized proof for the purposes of settlement.

  g. Also pursuant to Fed. R. Civ. P. 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Settlement Class in a single action. The Court also believes that there are few manageability problems presented by a case such as this, given the instant settlement.

  h. Pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), the Court having considered the factors provided in Fed. R. Civ. P. 23(g)(1)(A), the following counsel are

PRELIMINARY APPROVAL ORDER - 3
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

hereby appointed as Co-Lead Counsel for the Settlement Class ("Co-Lead Counsel"), and are directed to ensure that any remaining work in this litigation that is performed by any counsel listed on the Complaint ("Class Counsel") is performed efficiently and without duplication of effort:

| | |
|---|---|
| Lynn Lincoln Sarko<br>Gretchen Freeman Cappio<br>KELLER ROHRBACK L.L.P.<br>1201 Third Avenue, Suite 3400<br>Seattle, WA 98101-3268<br>Tel.: (206) 623-1900<br>lsarko@kellerrohrback.com<br>gcappio@kellerrohrback.com | Jerome M. Marcus (*pro hac vice*)<br>Daniel C. Simons (*pro hac vice*)<br>MARCUS & MARCUS, PLLC<br>P.O. Box 212<br>Merion Station, PA 19066<br>Tel.: (215) 664-1184<br>jmarcus@marcuslaw.us<br>dsimons@marcuslaw.us |
| Alison E. Chase (*pro hac vice*)<br>KELLER ROHRBACK L.L.P.<br>801 Garden Street, Suite 301<br>Santa Barbara, CA 93101<br>Tel.: (805) 456-1496<br>achase@kellerrohrback.com | Edward Stone (*pro hac vice*)<br>EDWARD STONE LAW P.C.<br>175 West Putnam Avenue, 2nd Floor<br>Greenwich, CT 06830<br>Tel.: (203) 504-8425<br>eddie@edwardstonelaw.com |
| | Jonathan Auerbach (*pro hac vice*)<br>RESOLUTION STRATEGY GROUP, LLC<br>614 S. 4th Street, #216<br>Philadelphia, PA 19147<br>Phone: (267) 227-1400<br>auerbach@resolutionstrategygroup.com |

**Preliminary Approval of Settlement**

4. The Motion is GRANTED.

5. The Court hereby preliminarily approves the Settlement Agreement and the terms embodied in it pursuant to Fed. R. Civ. P. 23(e)(1) and finds that notice in a reasonable manner to all Settlement Class members who will be bound by the proposal is justified because the court will likely be able to finally approve the proposal under Fed. R. Civ. P. 23(e)(2). The Court preliminarily finds that the Settlement Agreement is fair, reasonable, and adequate as to the Settlement Class Members. The Court preliminarily finds that the relief provided—in the form of cash compensation from a fund totaling $2,175,000—is adequate, considering, *inter alia*, the

PRELIMINARY APPROVAL ORDER - 4
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

costs, risks, and delay of trial and appeal, the legal issues presented in this Action, the interests of the Settlement Class Members, and the proposed method of distributing payments (i.e., direct payments by check without the need for filing of claims).

6. The Court finds that Plaintiffs and Class Counsel have adequately represented, and will continue to adequately represent, the Settlement Class. The Court further finds that the Settlement Agreement is the product of arms' length negotiations by the Settling Parties, with the Settlement Agreement supervised by, and reached pursuant to a mediation conducted by Stewart Cogan. Further, the Settlement Agreement was reached after significant litigation, investigation, and discovery. The Settling Parties and their counsel, as applicable, had sufficient information to evaluate the strengths and weaknesses of the case and to conduct informed settlement discussions.

7. The Court preliminarily finds that the Settlement Agreement treats Settlement Class members equitably relative to each other, and that the plan of allocation of the Net Settlement Fund, as provided in the Settlement Agreement, is reasonable and equitable. Under the terms of the proposed plan of allocation, all Settlement Class Members will receive a payment for each transaction in which Settlement Class Members sold payment streams to one or more Defendants.

## CAFA Notice

8. Under the Settlement Agreement, Defendants will provide the notice required under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715 *et seq.* no later than ten (10) calendar days following the filing of the Settlement Agreement with the Court. No later than seven (7) calendar days before the Fairness Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

PRELIMINARY APPROVAL ORDER - 5
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**Attorneys' Fees and Expenses**

9. The Court will fully assess any request for attorneys' fees and expenses after receiving a motion from Class Counsel supporting such request under Fed. R. Civ. P. 23(h). At this stage, the Court finds that the plan to request fees and litigation expenses to be paid from the Settlement Fund creates no reason not to direct notice to the Settlement Class; should this Court find any aspect of the requested attorneys' fees or expenses unsupported or unwarranted, such funds will not revert to Defendants.

**Settlement Administrator and Notice Program**

10. Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Plan set forth at Section VI of the Settlement Agreement, including the form and content of the proposed forms of class notice attached to the Settlement Agreement. The Court finds that the proposed Notice Plan meets the requirements of due process under the U.S. Constitution and Fed. R. Civ. P. 23, and that such Notice Plan—which includes individual direct notice to Settlement Class Members via U.S. Mail and the establishment of an online webpage on Class Counsels' firm pages and a Toll-Free Number—is reasonably calculated to provide notice to the Settlement Class Members under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

11. The Court further finds that the proposed form and content of the notice ("Notice") are adequate and will give Settlement Class Members sufficient information to enable them to make informed decisions as to the proposed Settlement and its terms, and the right to object. The Court finds that the Notice clearly and concisely describes in plain, easily understood language, *inter alia*: (i) the nature and pendency of the Action; (ii) the certification of the Settlement Class for settlement purposes; (iii) the Settlement Class claims; (iv) the existence and terms of the Settlement Agreement, (v) Settlement Class members' right to object to or comment on the Settlement Agreement or any request for Attorneys' Fees and Expenses and/or Service

PRELIMINARY APPROVAL ORDER - 6
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Awards; (vi) the matters to be decided at the Final Approval hearing, and (vii) the binding effect of a class judgment on Settlement Class Members under Fed. R. Civ. P. 23(c)(3).

12. The Court hereby appoints Strategic Claims Services as Settlement Administrator and directs it to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement and herein. As set forth in the Notice Plan, the Settlement Administrator shall do the following:

A. <u>Notice via U.S. Mail</u>: By no later than thirty (30) days after entry of this Order (the "Notice Date"), the Settlement Administrator shall send via first class U.S. Mail (postage pre-paid), a Notice to each person identified on Exhibit A to the Settlement Agreement. For any mailed Notices that are returned with forwarding address information, the Settlement Administrator shall promptly re-mail the appropriate form of Notice to the new address indicated. For any Notices that are returned as undeliverable without a forwarding address, the Settlement Administrator shall conduct an industry standard "skip trace" to try to identify a more current address and re-mail the appropriate form of Notice to the extent an updated address is identified.

B. <u>Settlement Webpages</u>: The firms of Keller Rohrback L.L.P. and Marcus & Marucs PLLC shall create a dedicated page on their individual firm websites where Settlement Class Members can obtain further information about the terms of the Settlement Agreement, their rights, important dates and deadlines, and related information. The Settlement Website shall include, in PDF format, the Amended Complaint -- Class Action, the Settlement Agreement, the Notice, this Preliminary Approval Order entered by the Court, Class Counsel's Fee and Expense Application (after it is filed), and other case documents as agreed upon by the Settling Parties and/or required by the Court, and shall be updated to provide such information/materials before the Notice Date. These webpages shall remain operational until 180 days after the Effective Date or such other later date as the Settling Parties may agree.

PRELIMINARY APPROVAL ORDER - 7
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

C. <u>Toll-Free Number</u>: The Settlement Administrator shall maintain a Toll-Free Number where Settlement Class Members can obtain further information about the Settlement Agreement and their rights, and request that a hard copy Notice be mailed to them. The Toll-Free Number shall be updated to provide such information before the first email or mail notice is disseminated. The Toll-Free Number shall remain operational until at least 180 days after the Effective Date or such other later date as the Settling Parties may agree.

D. <u>Administration Expenses</u>: As provided in the Settlement Agreement, the Settlement Administrator's expenses shall be paid from the Net Settlement Fund; provided, however, that payment of any expenses of the Settlement Administrator in excess of $110,000 shall require application and approval by the Court (that is, costs in excess of 110% of the Settlement Administrator's estimate for implementation of the notice plan, distribution of class member payments, and the other tasks set forth in the Settlement Agreement, but not including the costs associated with dissemination of residual funds).

### Requests for Exclusion and Objections

13. Settlement Class Members may opt out of the Class by following the procedures described in the Notice no later than ninety (90) days from the Notice Date. Class Counsel or their designee shall monitor and record any and all opt-out requests that are received.

14. Any objection to the Settlement Agreement (or any part thereof), including any request for Attorney's Fees and Expenses and/or Service Awards, must be made in writing and comply with all the requirements set forth herein and in the Notice. Any written objection must be filed with or mailed to the Court and copies of such objection served on Class Counsel and Defendants' counsel at the addresses listed in the Notice, filed/postmarked no later than ninety (90) days after the Notice Date.

PRELIMINARY APPROVAL ORDER - 8
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

15. To be considered valid, an objection must: (a) state the case name and number of the Action, *White v. Symetra Assigned Benefits Service Co. et al.*, No. 2:20-cv-01866-MJP (W.D. Wash.); (b) state the name, address, and telephone number of the objector and must be signed by the objector even if represented by counsel; (c) state whether the objector is objecting to the proposed Settlement, plan of allocation, the application for Attorneys' Fees and Expenses, and/or the application for Service Awards; (d) state the objection(s) and the specific reason(s) for each objection, including any legal and evidentiary support the objector wishes to bring to the Court's attention; (e) identify all class actions to which the objector and his, her, or its counsel has previously objected in the last five years; (f) state the objector's basis for believing that he or she is a Settlement Class Member; (g) state whether the objector intends to appear at the Fairness Hearing; (h) if the objector intends to appear at the Fairness Hearing through counsel, state the identity of all attorneys who will appear on the objector's behalf at the Fairness Hearing; and (i) state that the objector submits to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement of the Action, including, but not limited to, enforcement of the terms of the Settlement Agreement. Any Settlement Class Member who fails to timely file and serve such written statement and provide the required information will not be permitted to present any objections at the Fairness Hearing and such failure will render any such attempted objection untimely and of no effect, unless otherwise ordered by the Court. All presentations of objections will be further limited by the information listed.

16. A Settlement Class member's mere compliance with the foregoing requirements does not guarantee a Settlement Class member the ability to present evidence or testimony at the Fairness Hearing. The decision whether to allow any testimony, argument, or evidence, as well as the scope and duration of any presentations of objections at the Fairness Hearing, will be in the sole discretion of the Court.

PRELIMINARY APPROVAL ORDER - 9
(2:20-cv-01866-MJP)

**Keller Rohrback L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**Fairness Hearing**

17. The Court will hold a Fairness Hearing on <u>Monday, July 28, 2025</u>, at <u>10:00 a.m.</u>, in the <u>United States District Court for the Western District of Washington, Courtroom 14206, 700 Stewart Street, Seattle, WA 98101</u>. The purposes of the Fairness Hearing will be to: (i) determine whether the proposed Settlement Agreement should be finally approved by the Court as fair, reasonable, and adequate; (ii) determine whether judgment should be entered; (iii) rule on Class Counsel's motion for attorneys' fees, costs, and service awards; (iv) consider any properly filed objections; and (v) consider any other matters necessary in connection with the final approval of the Settlement Agreement.

18. The Court may, in its discretion, modify the date and/or time of the Fairness Hearing, and may order that this hearing be held remotely or telephonically. If the Court changes the date, time, and/or the format of the Fairness Hearing, the Settling Parties shall ensure that the updated information is posted on the Settlement Website.

19. Only Settlement Class Members who have submitted timely and valid objections, in accordance with the requirements of this Preliminary Approval Order (*see* ¶¶ 13-16), may be heard at the Fairness Hearing.

**Stay and Injunctions**

20. Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, all proceedings in the Action are hereby stayed and suspended until further order of this Court.

21. Pending final determination of whether the Settlement Agreement should be finally approved, Plaintiffs and all Settlement Class Members and anyone claiming through or on behalf of any of them, are barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute, any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, either directly, representatively, derivatively, or in any other capacity, asserting the Plaintiffs' Released Claims against any of the Defendants. This bar and

PRELIMINARY APPROVAL ORDER - 10
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

injunction are necessary to protect and effectuate the Settlement Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction.

### No Admission of Liability

22. This Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement Agreement, or any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not constitute, be described as, construed as, offered, or received against any of the Settling Parties or Settlement Class Members as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in the Action; (b) that any person suffered compensable harm or is entitled to any relief with respect to the matters asserted in this Action; (c) any liability, negligence, fault, or wrongdoing by any of the Settling Parties or the Settlement Class Members; or (d) the enforceability of any applicable contractual or statutory limitations period to limit any relief.

### Implementation and Dates

23. The Settling Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

24. By no later than thirty (30) days after the Notice Date, Plaintiffs and Class Counsel shall file their: (a) motion for final approval of the Settlement Agreement, requesting entry of the Judgment, substantially in the form of Exhibit D to the Settlement Agreement and (b) Attorneys' Fee and Expense Application. Promptly after they are filed, these document(s) shall be posted on the Settlement Website.

25. By no later than fourteen (14) days before the Fairness Hearing, the Settlement Administrator shall file with the Court (or provide to Class Counsel for filing with the Court) copies of any requests for exclusion and/or objections received by the Settlement Administrator.

PRELIMINARY APPROVAL ORDER - 11
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

26. By no later than seven (7) days before the Fairness Hearing, the Settling Parties shall file any responses to any Settlement Class Member objections and any replies in support of final settlement approval and/or in support of Class Counsel's Fee and Expense Application or Application for Service Awards.

27. By no later than seven (7) days before the Fairness Hearing, the Settlement Administrator shall certify to the Court that it has complied with the notice requirements set forth herein, and that the notice provided sufficient reach and frequency to alert Settlement Class Members to the pendency of the Action, the Settlement Agreement, and their rights thereunder.

28. The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members. Without further order of the Court, the Settling Parties may agree to make non-material modifications in implementing the Settlement Agreement that are not inconsistent with this Preliminary Approval Order.

29. The following chart summarizes the dates and deadlines set by this Preliminary Approval Order:

| Event | Deadline |
|---|---|
| CAFA Notice | **10 days after the filing of the Settlement Agreement** |
| Notice Date | **30 days after entry of Preliminary Approval Order** |
| Last day for Plaintiffs and Class Counsel to file motion for final approval of the Settlement, and motion for attorneys' fees, costs, and service awards | **30 days after Notice Date** |
| Objection Deadline | **90 days after Notice Date** |
| Last day for Settlement Administrator (or Class Counsel) to file copies of any objections | **14 days before Fairness Hearing** |
| Last day for the Settling Parties to file any responses to objections and any replies in support of motion for final settlement approval and/or Class Counsel's application for attorneys' fees, costs, and service awards | **7 days before Fairness Hearing** |

PRELIMINARY APPROVAL ORDER - 12
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| Last day for Symetra to file proof of compliance with CAFA | **7 days before Fairness Hearing** |
|---|---|
| Fairness Hearing | **Monday, July 28, 2025, at 10:00 a.m. in Courtroom 14206** |

IT IS SO ORDERED.

Dated: March 4, 2025

Marsha J. Pechman
United States Senior District Judge

PRELIMINARY APPROVAL ORDER - 13
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384