UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RENALDO WHITE and RANDOLPH NADEAU, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>    v.<br><br>SYMETRA ASSIGNED BENEFITS SERVICE COMPANY and SYMETRA LIFE INSURANCE COMPANY,<br><br>                    Defendants. | No. 2:20-cv-01866-MJP<br><br>**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**NOTE ON MOTION CALENDAR:<br>July 28, 2025 at 10:00 a.m.** |

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**TABLE OF CONTENTS**

I. BACKGROUND .................................................................................................................. 1

II. LEGAL STANDARD. ........................................................................................................ 5

III. THE SETTLEMENT MERITS FINAL APPROVAL ...................................................... 6

    A. Rule 23(e)(2)(A): The Class Representatives and Class Counsel Have Adequately Represented the Class. ............................................................. 6

    B. Rule 23(e)(2)(B): The Proposed Settlement Was Negotiated at Arm's Length. .................................................................................................... 7

    C. Rule 23(e)(2)(C): The Relief Provided for the Class is Absolutely Adequate. ............................................................................................................. 8

        1. The costs, risks, and delay of trial and appeal. ....................................... 9

        2. The effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class-member claims. ............................................................................. 11

        3. The terms of any proposed award of attorneys' fees, including timing of payment. ................................................................. 11

        4. Any agreement required to be identified under Rule 23(e)(3). .................................................................................................. 12

    D. Rule 23(e)(2)(D): The Proposed Settlement Treats Class Members Equitably Relative to Each Other. ................................................................... 12

IV. CONCLUSION ................................................................................................................ 13

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - i
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) ................................................................................... 8, 12

*Briseño v. Henderson*,
998 F.3d 1014 (9th Cir. 2021) ............................................................................ 6, 8, 12

*Churchill Vill., L.L.C. v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004) ........................................................................................ 7, 9

*Dockery v. Heretick*,
No. 21-2753, 2022 WL 14810015 (3d Cir. Oct. 26, 2022) ............................................ 7

*Hesse v. Sprint Corp.*,
598 F.3d 581 (9th Cir. 2010) ......................................................................................... 4

*Hunichen v. Atonomi LLC*,
No. 2:19-cv-00615-RAJ-SKV, 2024 U.S. Dist. LEXIS 114730 (W.D. Wash.
June 28, 2024) .............................................................................................................. 12

*Kim v. Allison*,
8 F.4th 1170 (9th Cir. 2021) ................................................................................ 7, 9, 10

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000) ............................................................................... 7, 9, 13

*Rajagopalan v. Fid. & Deposit Co. of Md.*,
No. 3:16-cv-05147-BHS, 2017 U.S. Dist. LEXIS 167290 (W.D. Wash. Oct.
10, 2017) ...................................................................................................................... 12

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) ........................................................................................ 9

*Zuern v. IDS Prop. Cas. Ins. Co.*,
No. 3:19-CV-06235-MLP, 2021 U.S. Dist. LEXIS 99951 (W.D. Wash. May
26, 2021) ....................................................................................................................... 8

**Rules**

Fed. R. Civ. P. 23(e) ........................................................................................... *passim*

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - ii
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**Other Authorities**

4 *Newberg and Rubenstein on Class Actions* (6th ed. 2022) ........................................ 6, 7, 11, 13

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - iii
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

This Court has preliminarily approved the settlement (the "Settlement") reached by Plaintiffs Renaldo White and Randolph Nadeau ("Plaintiffs" or "Class Representatives"), on behalf of themselves and the proposed class ("Class"), with Symetra Assigned Benefits Service Company ("Symetra") and Symetra Life Insurance Company ("SABSCO") (collectively, "Defendants"). Dkt. # 161. Plaintiffs respectfully request that the Court now grant final approval to the Settlement by entering the proposed Final Order and Judgment.

This litigation was hard-fought and the settlement with Defendants was hard-won. The Settlement—under which Defendants will pay $2,175,000—provides the class certified by this Court (the "Settlement Class") (*id.* at p. 2) with substantial, tangible, and immediate benefits. It encompasses 299 transactions in which Defendants bought payment streams from Settlement Class members. The Settlement thus yields an average gross payout of $7,274.24 per transaction; even after deducting the requested fees and costs, settlement administration costs, and service awards, the estimated average net payment is over $4,000 per transaction. And Settlement Class members will receive their money directly and without a claims process.

The Settlement is reasonable and fair. It was reached only after years of litigation and extensive discovery, and is the product of well-informed, arms-length bargaining by experienced counsel on both sides. It offers the Settlement Class a significant amount of cash for each qualifying transaction with Defendants, despite the real risks to recovery that were well illustrated by the Ninth Circuit's decision vacating class certification. And Settlement Class members will receive their payments directly without a claims process. The notice program approved and directed by the Court has commenced and is on schedule to be successfully implemented. Therefore, the Court should grant final approval, so that the Settlement Class can receive the substantial benefits provided by the Settlement.

## I.    BACKGROUND

*Plaintiffs' Claims*. Plaintiffs initially filed suit on behalf beneficiaries of structured settlement annuities ("SSAs") issued by Symetra and assigned to SABSCO. SSAs were

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 1
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

developed to provide for the long-term medical care and living expenses of injury victims, such as Plaintiffs, and to guard against them becoming wards of the state. Congress encouraged the use of SSAs issued by companies like Symetra by providing them with substantial tax benefits.

The operative Complaint (Dkt. # 28) alleged that, when Defendants' book of SSA business grew less profitable, they sought to shed their risk at Plaintiffs' expense by setting up an in-house "factoring" operation. Defendants misused information regarding Plaintiffs, obtained in confidence and for the purpose of protecting the long-term security of this vulnerable group, to prey upon the same injury victims they had a duty to protect. Defendants funded this operation through statutory reserves set aside for Plaintiffs' benefit. Plaintiffs therefore pursued claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and consumer protection statutes on behalf of a class of all such payees of Defendants whose SSAs contemplated life contingent payments and whose payment streams Defendants subsequently purchased. Dkt. # 62 at p. 2.

Plaintiffs also brought claims on behalf of a subclass for breach of contract claims. Many of the underlying settlement agreements for beneficiaries contained a provision protecting the payees from alienating their own payments by depriving them of the power to sell their payment streams ("Power Language"). Defendants, in issuing the annuities, undertook the obligation of the settlement agreements. Thus, by violating the Power Language and cutting off further payments, Defendants breached their contractual duties to their own payees. *Id.* at pp. 11–12.

*Litigation History.* As discovery progressed, Plaintiffs moved for partial summary judgment, seeking application of Washington law for, *inter alia*, Plaintiffs' breach of contract claims. Dkt. # 66. Defendants opposed, pointing to a few samples of the underlying settlement agreements that contained choice of law provisions calling for application of the laws of certain other states. Dkt. # 97 at p. 7. However, Plaintiffs had long sought information of all such settlement agreements in discovery and other data, but Defendants had refused to produce them. Ultimately, this Court held that Washington law would apply to all contract claims, except for

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 2
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

the few class members for which Defendants had produced a settlement agreement containing a choice of law clause requiring application of other law. Dkt. # 121 at pp. 6–7.

Plaintiffs also moved for class certification, Dkt. # 62, and in this Court obtained certification of a class of approximately 1,939 individuals to pursue claims under RICO and state consumer protection laws, as well as subclass of those pressing breach of contract claims where their underlying settlement agreements contained "Power Language," *i.e.*, a provision explicitly stating that the annuity beneficiary lacked the power to assign annuity payments. Dkt. # 123.

The Ninth Circuit reversed, vacating certification of the RICO and consumer protection class. Dkt. # 141. The court also reversed certification of the subclass, but on a much narrower basis. *Id*. at pp. 35–36.

Following remand, Plaintiffs informed Defendants that they intended to pursue recertification of the subclass for at least those states under whose law the Power Language here is likely to be enforced based on Class Counsel's research (what would become the "Settlement States"). Declaration of Adele Daniel in Support of Plaintiffs' Motion for Attorney's Fees and Costs ("Daniel Decl.") ¶ 7.

*Settlement Negotiations*. The parties then agreed to discuss settlement, and jointly applied to this Court for a stay of discovery pending mediation, which the Court granted. Dkt. # 148. The parties engaged in months-long talks, during which Plaintiffs were supplied with additional discovery needed for a potential renewed class. Daniel Decl. ¶ 8. Defendants produced many of the underlying settlement agreements which Plaintiffs had long sought, as well as additional data concerning transactions in which Defendants purchased payment streams. *Id*. Plaintiffs' counsel reviewed those agreements and identified which of them contained Power Language. *Id*. And with the new data, Plaintiffs were able to identify the payment purchase transactions associated with those agreements. Plaintiffs shared that analysis with Defendants. *Id*.

These discussions culminated in a settlement conference with mediator Mr. Stew Cogan on November 19, 2024. *Id*. ¶ 9. After a long day of exchanges, the parties reached a settlement in

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 3
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

principle on behalf of a revised class (what became the Settlement Class). *Id*. Over the next several weeks, the parties continued negotiations, resulting in the settlement agreement dated January 29, 2025 (the "Settlement Agreement"). *Id*. The day it was signed, Plaintiffs moved for preliminary approval of the Settlement, certification of the Settlement Class, and approval of the plan of notice. Dkt. # 158. The Court granted the motion on March 4, 2025. Dkt. # 161.

***The Settlement***. The Settlement Agreement (Dkt. # 159-1) requires Defendants to pay $2,175,000 (the "Settlement Amount") to create a non-reversionary common fund. *Id*. ¶¶ 24, 33. After deduction of settlement-administration costs and any Court-approved award of attorneys' fees, reimbursement of litigation expenses, and service awards to the Named Plaintiffs, the settlement funds will be distributed to the Settlement Class members in accordance with the plan of allocation, subject to Court approval. *Id*. ¶¶ 10, 15, 68–70.

In exchange, Settlement Class members will release all claims against Defendants with the same factual predicate that they could have asserted in this action (*id*. ¶¶ 57–59), a scope of release consistent with Ninth Circuit precedent. *See Hesse v. Sprint Corp*., 598 F.3d 581, 590 (9th Cir. 2010). As discussed further below, under the proposed plan of allocation, Settlement ftransaction. Settlement Class members need not complete a claim form to obtain their settlement payments; payments will be made automatically by check sent via First Class U.S. Mail.

***Class Notice***. Per the notice plan ordered by the Court (Dkt. # 161), Plaintiffs retained Strategic Claims Services, Inc. ("SCS") to serve as Settlement Administrator, overseeing both notice and administration of the settlement. Declaration of Cornelia Vieira Concerning the Mailing of the Notice of Settlement and CAFA Notice, and Report on Exclusions and Objections ("Vieira Decl.") ¶ 3. Plaintiffs received updated contact information for the Class from Defendants, and the Class Notice was mailed to those addresses by April 3, 2025 (which was the 30-day deadline set for notice in the preliminary approval order). *Id*. ¶ 5. Notice was also posted to websites as ordered by the Court. *Id*. ¶ 9. To date, there have been no objections and no requests for exclusion. *Id*. ¶¶ 10–11.

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 4
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

SCS was also retained by Defendants to serve the notices required by the Class Action Fairness Act; these were sent to the relevant government entities on February 7, 2025. *Id*. ¶ 4.

***Plan of Allocation.*** The plan of allocation proposed is for SCS to calculate the amount to be paid to each Settlement Class member, using the following formula. *First*, the Settlement Administrator will preliminarily deduct any settlement-administration costs, Court-approved award of attorneys' fees, reimbursement of litigation expenses, and service awards to the Named Plaintiffs from the Settlement Fund (the "Net Settlement Fund"). *Second*, the Settlement Administrator will divide the Net Settlement Fund by the total number of Qualifying Transactions made by the Settlement Class. A "Qualifying Transaction" is a Settlement Class member's sale of SSA payments to one or more Defendants, as determined from data produced by Defendants in this case. This calculation will yield the figure which Settlement Class members will receive for each such Qualifying Transaction that the Settlement Class member made, again as determined from Defendants' records. That figure is the "Payment Per Qualifying Transaction." *Third*, the Settlement Administrator will determine, based on data produced in this case, how many Qualifying Transactions each Settlement Class member made. *Finally*, the Class Administrator will multiply each Settlement Class member's number of Qualifying Transactions by the Payment Per Qualifying Transaction. The resulting number is how much each Settlement Class member can be expected to receive.[1] Funds remaining in the Settlement Account one year after settlement payments issue ("Residual Funds"), will be donated to an appropriate charity to be selected under *cy pres* principles. No portion of the Settlement Fund will revert to Defendants.

## II.    LEGAL STANDARD

A court may approve a proposed settlement of a class action "only after a hearing and only on finding that [the proposed settlement] is fair, reasonable and adequate." Fed. R. Civ. P.

---

[1] Of course, members of the formerly certified classes who are *not* included in the Settlement Class would not receive a payment under the Settlement and would not be releasing any claims against Defendants.

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 5
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

23(e)(2). In determining whether a settlement is fair, reasonable, and adequate, Rule 23(e)(2) directs consideration of the following factors:

>   (A) the class representatives and class counsel have adequately represented the class;
>   (B) the proposal was negotiated at arm's length;
>   (C) the relief provided for the class is adequate, taking into account:
>     (i) the costs, risks, and delay of trial and appeal;
>     (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>     (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>     (iv) any agreement required to be identified under Rule 23(e)(3); and
>   (D) the proposal treats class members equitably relative to each other.

*See also Briseño v. Henderson*, 998 F.3d 1014, 1026 (9th Cir. 2021) (describing the Ninth Circuit's eight-factor test as "fall[ing] within the ambit of" the current version of Rule 23(e)).

### III.    THE SETTLEMENT MERITS FINAL APPROVAL

**A.    Rule 23(e)(2)(A): The Class Representatives and Class Counsel Have Adequately Represented the Class.**

As the Court found upon preliminary approval, the class representatives "fairly and adequately protect the interests of the Settlement Class," and Class Counsel does so as well given their appointment under Rule 23(g). *See* Dkt. # 161 at pp. 3–4. The Advisory Committee's notes state that this factor looks to the conduct of the litigation, focusing on the actual performance of class counsel. *See* Fed. R. Civ. P. 23(e)(2)(A), advisory committee's note to 2018 amendment. Factors may include the nature and amount of discovery conducted, the outcome of other cases, and the adequacy of counsel's information. 4 *Newberg and Rubenstein on Class Actions* § 13:49 (6th ed. 2022). The Ninth Circuit has similarly advised that in analyzing the fairness of a proposed class settlement "the extent of discovery completed and the stage of the proceedings" should be considered. *Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021) (citation omitted); *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

The class representatives and Class Counsel have adequately represented the Settlement Class as required by Rule 23(e)(2)(A). The Settlement here was achieved after substantial fact

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 6
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

discovery, including 52 requests for production, 18 interrogatories, a review of 40,000 documents comprising nearly 175,000 pages, and three fact depositions. *See* Daniel Decl. ¶¶ 3–6.[2] Plaintiffs and their counsel also defeated a wide-ranging motion to dismiss, adduced an extensive expert report by Corwin Zass, Dkt. # 63-1, engaged in class certification briefing, a Rule 23(f) appeal, and a successfully moved for partial summary judgment on choice of law.

Class Counsel have significant experience successfully prosecuting complex class actions. Dkt. # 62 at p. 18. They had adequate information and knowledge of the field to assess litigation of this kind, including that obtained from the repeatedly contentious litigation of various motions and an appeal in this case. *See id.* The outcome here is favorable; indeed, in another class action against a factoring company for its improprieties, the plaintiffs won nothing.[3]

**B.      Rule 23(e)(2)(B): The Settlement Was Negotiated at Arm's Length.**

The Settlement was negotiated at arm's length, satisfying Rule 23(e)(2)(B). The Advisory Committee notes state that the involvement of a neutral mediator may bear on whether settlement negotiations were conducted "in a manner that would protect and further the class interests." Fed. R. Civ. P. 23(e)(2)(B), advisory committee's note to 2018 amendment. At its root, this factor aims to guard against collusive settlements. *See* 4 *Newberg and Rubenstein on Class Actions* § 13:50 (6th ed. 2022). The Ninth Circuit has similarly directed district courts to pay close attention to signs of collusion, such as the presence of a clear sailing arrangement, a disproportionate distribution of the settlement to counsel, and/or the presence of a reverter clause. *Briseño*, 998 F.3d at 1023; *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). The Settlement is not collusive. It does not have a clear sailing provision, disproportionate payment of the settlement amount to counsel, or a reverter clause.

---

[2] That discovery had not concluded is no impediment, as "'formal discovery is not a necessary ticket to the bargaining table." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (citation omitted).
[3] *See Dockery v. Heretick*, No. 21-2753, 2022 WL 14810015 (3d Cir. Oct. 26, 2022).

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 7
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

On the contrary, the Settlement came to fruition only after years of embattled litigation and a protracted settlement effort highlighted by a mediation conference conducted by Mr. Cogan. Daniel Decl. ¶ 9. In connection with those efforts, the parties prepared substantial briefing before the mediation conference and marshaled evidence and arguments for the parties' and the mediator's consideration. *Id.* That the Settlement was successfully reached after a mediation under the guidance of Mr. Cogan as mediator further demonstrates that the settlement was negotiated at arm's length. *See Zuern v. IDS Prop. Cas. Ins. Co.*, No. 3:19-CV-06235-MLP, 2021 U.S. Dist. LEXIS 99951, at *5 (W.D. Wash. May 26, 2021) (approving settlement facilitated by "respected mediator Stew Cogan"). Even after the mediation, counsel wrangled for several weeks over the settlement terms. Daniel Decl. ¶ 9.

**C.    Rule 23(e)(2)(C): The Relief Provided for the Class is Absolutely Adequate.**

The next Rule 23(e) factor directs a district court to consider whether "the relief provided for the class is adequate." Fed. R. Civ. P. 23(e)(2)(C). In determining the adequacy of the relief, the Rule instructs consideration of:

> (i) the costs, risks, and delay of trial and appeal;
> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> (iv) any agreement required to be identified under 23(e)(3).

These factors look to the substantive fairness of the proposed settlement, a main concern being the expected relief the settlement will provide to the class. *See id.*, advisory committee's note to 2018 amendment. The Ninth Circuit also instructs consideration of, *inter alia*, the strength of plaintiff's case; the risk, expense, and duration of further litigation, including the risk of maintaining class action status through trial; and the amount offered in settlement. *Kim*, 8 F.4th at 1178; *Churchill Vill.*, 361 F.3d at 575. Many fair class settlements provide for a fraction of

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 8
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

potential recovery.[4] But the Settlement Class here is to be provided far more than a token—they are receiving immediate cash payments worth thousands of dollars. This result compares favorably to what the Settlement Class members could have hoped to receive at trial even under a "home run" scenario (that is, assuming plaintiffs gained class recertification, won at trial on their contract claims, and successfully defended both certification and any verdict on appeal).

### 1. The costs, risks, and delay of trial and appeal.

A central concern in evaluating the adequacy of the relief provided relates to the cost and risk involved in litigation. *See* Fed. R. Civ. P. 23(e)(2), advisory committee's note to 2018 amendment. In evaluating this factor, "courts may need to forecast the likely range of possible classwide recoveries and the likelihood of success in obtaining such results." *Id.* The Ninth Circuit also directs courts to consider "the risk, expense, complexity, and likely duration of further litigation." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (citation omitted).

Here, while Plaintiffs have overcome numerous hurdles, further litigation is high risk. The costs, risk, and delay of trial and (if successful at trial) inevitable appeal, remain very substantial. The Ninth Circuit has already rejected class certification for most of Plaintiffs' claims and raised doubt about the remaining contract claim. Even on this claim, Plaintiffs would need to win certification of a Power Language class and then survive summary judgment in order to proceed to trial. At trial, Plaintiffs could lose, or win a verdict smaller than the damages they would have sought or received than the Settlement. Had Plaintiffs prevailed, they would then need to defend any victory on appeal. In any such review, Plaintiffs would not only need to surmount the class certification challenges set up by the Ninth Circuit's decision, but would also then need to defend liability on a claim that court had already questioned. *See generally* Dkt. # 141.

---

[4] *See In re Mego*, 213 F.3d at 459 ("cash settlement amounting to only a fraction of the potential recovery will not *per se* render the settlement inadequate or unfair"; affirming settlement of "one-sixth of the potential recovery") (citation omitted).

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 9
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

In this light, the relief offered by the Settlement is substantial compared against what could have been obtained at trial. In his expert report supporting class certification, Mr. Zass, an actuarial risk management expert, had previously developed a damage model for Plaintiffs' contract-based claims. He valued expectation (*i.e.*, contract) damages by taking the value of the factored payment streams at the time of sale (reduced to then-present value) and subtracting the price Defendants paid had the class members as part of the factoring transaction. The average damages per class member transaction, based on Mr. Zass's aggregate calculations, are $29,977. *See* Dkt. # 63-1 at p. 13.

The Settlement here calls for Defendants to pay $2,175,000. When divided among the 299 Qualifying Transactions, the Settlement yields a gross payout of $7,274.24 per transaction, before deductions for fees and costs. The Settlement thus translates to approximately 24% of what, on average, Class members could have expected to obtain at trial. Such a substantial percentage has been deemed an outstanding result in many contexts,[5] and is well above the threshold that warrants court approval.[6]

Class Counsel possess an extensive background in consumer litigation and the factoring of annuity policies, respectively, and a thorough understanding of the strengths and weaknesses of this case. Dkt. # 62 at 16. In Class Counsel's informed opinion, further litigation would be contrary to the Class's interests, given the excellent benefits provided by the Settlement, and the risk that trial might result in a lesser recovery or none at all. *See Kim*, 8 F.4th at 1178 (factoring "the experience and views of counsel" as weighing approval of a class settlement) (citation omitted).

---

[5] *See* Dkt. # 158 at p. 13 n.16 (collecting cases).
[6] *See id.* at p. 13 n.17 (collecting cases).

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 10
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**2.      The effectiveness of any proposed method of distributing relief to the Class, including the method of processing Settlement Class member claims.**

The notice plan and plan of allocation have been and are effective. The aim of any distribution method "is to get as much of the available damages remedy to class members as possible and in as simple and expedient a manner as possible." 4 *Newberg and Rubenstein on Class Actions* § 13:53 (6th ed. 2022). The distribution method here does just that. There is no claims process—after Final Approval, Settlement Class members will receive direct payments by check. A class member list, appended as Exhibit A of the Settlement Agreement, was compiled based on Defendants' records and for which the Settlement Administrator has obtained updated contact information. This data reduces the risk of illegitimate claims while obviating the need for claim forms or documentation which may become unduly burdensome or demanding. This the most simple and expedient manner for distribution possible.

**3.      The terms of any proposed award of attorneys' fees, including timing of payment.**

The Settlement provides for a non-reversionary common settlement fund of $2,175,000. As set forth in Plaintiffs' Motion for Attorneys' Fees and Costs ("Fee Motion"), filed concurrently with this motion, Class Counsel seek the Court's approval of 25 percent fee and ask the Court to approve reimbursement of their litigation expenses. Under the terms of the Settlement, any fees and expenses awarded by the Court will be paid to Class Counsel 10 calendar days after the date of Judgment or the order awarding Attorneys' Fees and Expenses (whichever comes last). Dkt. # 159-1 ¶ 53.

As detailed in the Fee Motion, the fee requested here is consistent with applicable standards and justified by the circumstances in this case, including Class Counsel's lodestar, which is already substantially higher than the fee amount requested, and does not include the substantial additional work needed for gaining final approval of the Settlement and, if that is granted, further implementation efforts. The requested fee is in line with the Ninth Circuit's

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 11
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

"benchmark" of 25 percent of the class recovery and the work and risks borne by Class Counsel. Further, there is no hallmark of collusion, such as a clear sailing arrangement, a disproportionate distribution of the settlement to counsel, and/or the presence of a reverter clause. *Briseño*, 998 F.3d at 1023; *In re Bluetooth*, 654 F.3d at 941.

### 4. Any agreement required to be identified under Rule 23(e)(3).

Rule 23(e)(3) requires the parties seeking approval identify any agreement made in connection with the proposed settlement. Fed. R. Civ. P. 23(e)(3). Other than the Settlement Agreement and its exhibits, there are no such documents.

## D. Rule 23(e)(2)(D): The Settlement Treats Class Members Equitably Relative to Each Other.

The plan of allocation's proposed method of dividing the Settlement proceeds is "fair, reasonable and adequate, and is based on a reasonable and rational basis." *Hunichen v. Atonomi LLC*, No. 2:19-cv-00615-RAJ-SKV, 2024 U.S. Dist. LEXIS 114730, at *7 (W.D. Wash. June 28, 2024). It is reasonable to allocate settlement funds to class members based on the extent of their injuries or their potential recoveries. *Rajagopalan v. Fid. & Deposit Co. of Md*., No. 3:16-cv-05147-BHS, 2017 U.S. Dist. LEXIS 167290, at *6 (W.D. Wash. Oct. 10, 2017). And that is what the plan of allocation does here. All members of the Settlement Class will receive a payment of $7,274.24 for each Qualifying Transaction they made, less their corresponding share of fees and costs. This approximates the amount each Settlement Class member was injured, as it represents 24% of the average Class member damages per transaction as computed by Mr. Zass.[7] The more transactions a Settlement Class member made, the more she was harmed, and so she will get more money in compensation.

The planned distribution remains fair although the class representatives are requesting service awards. "[T]he class representative and class member are not similarly situated in regard to the single piece of differential recovery, the incentive payment: the class representative did

---

[7] *See* Dkt. # 158 at p. 16 n.21 (collecting cases).

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 12
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

extra work and took extra risk to earn that." 4 *Newberg and Rubenstein on Class Actions* § 13:56 (6th ed. 2022). The class representatives' time and effort in this action over its nearly four-year run have benefitted the entire Settlement Class. Compensating them for their efforts is reasonable. *See In re Mego*, 213 F.3d at 463.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant final approval to the Settlement and enter the proposed Final Order and Judgment.

DATED this 5th day of May, 2025.

I certify that this motion contains 4,183 words.

KELLER ROHRBACK L.L.P.

*s/ Gretchen Freeman Cappio*
Lynn Lincoln Sarko, WSBA #16569
Gretchen Freeman Cappio, WSBA #29576
Adele A. Daniel, WSBA #53315
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
Tel.: (206) 623-1900
Fax: (206) 623-3384
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
adaniel@kellerrohrback.com

Alison E. Chase (*pro hac vice*)
KELLER ROHRBACK L.L.P.
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
achase@kellerrohrback.com

Jerome M. Marcus (*pro hac vice*)
Daniel C. Simons (*pro hac vice*)
MARCUS & MARCUS, PLLC
P.O. Box 212
Merion Station, PA 19066
Tel.: (215) 664-1184
jmarcus@marcuslaw.us
dsimons@marcuslaw.us

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 13
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Jonathan Auerbach (*pro hac vice*)
RESOLUTION STRATEGY GROUP, LLC
614 S. 4th Street, #216
Philadelphia, PA 19147
Tel.: (267) 227-1400
auerbach@ResolutionStrategyGroup.com

Edward Stone (*pro hac vice*)
EDWARD STONE LAW P.C.
175 West Putnam Avenue, 2nd Floor
Greenwich, CT 06830
Tel.: (203) 504-8425
Fax: (203) 348-8477
eddie@edwardstonelaw.com

*Attorneys for Plaintiffs*

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 14
(2:20-cv-01866-MJP)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing which will send notification of such to all CM/ECF registrants.

*s/ Leslie Nims*
Leslie Nims

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 15
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384