1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9   RENALDO WHITE and RANDOLPH
    NADEAU, individually and on behalf of all
10  others similarly situated,

                                                No. 2:20-cv-01866-MJP

11                          Plaintiffs,         **[PROPOSED] FINAL ORDER AND**
                                                **JUDGMENT**
12          v.

13  SYMETRA ASSIGNED BENEFITS SERVICE
    COMPANY and SYMETRA LIFE
14  INSURANCE COMPANY,

15
                            Defendants.
16

17          This matter came before the Court for hearing on July 28, 2025, pursuant to the Court's

18  Preliminary Approval Order dated March 4, 2025 (Dkt. # 161) ("Preliminary Approval Order"),

19  and on (a) Plaintiffs' Motion for Final Approval of the Class Action Settlement ("Motion"),

20  entered into by Plaintiffs and Defendants Symetra Assigned Benefits Service Company and

21  Symetra Life Insurance Company (together, "Defendants") (the "Settlement Agreement"); and

22  (b) Plaintiffs' Motion for Attorneys' Fees and Costs ("Attorneys' Fee and Expense

23  Application"). Due and adequate notice having been given to the Settlement Class Members of

24  the proposed Settlement Agreement and the pending motions, as directed by the Court's

25  Preliminary Approval Order, and upon consideration of all papers filed and proceedings had

26  herein, and good cause appearing, the Court hereby ORDERS as follows:

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1.      Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2.      The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this matter.

3.      The Court affirms the appointment of the following as Settlement Class Counsel:

Lynn Lincoln Sarko
Gretchen Freeman Cappio
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
Tel.: (206) 623-1900
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com

Jerome M. Marcus (pro hac vice)
Daniel C. Simons (pro hac vice)
MARCUS & MARCUS, PLLC
P.O. Box 212
Merion Station, PA 19066
Tel.: (215) 664-1184
jmarcus@marcuslaw.us
dsimons@marcuslaw.us

Alison E. Chase (pro hac vice)
KELLER ROHRBACK L.L.P.
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
achase@kellerrohrback.com

Edward Stone (pro hac vice)
EDWARD STONE LAW P.C.
175 West Putnam Avenue, 2nd Floor
Greenwich, CT 06830
Tel.: (203) 504-8425
eddie@edwardstonelaw.com

Jonathan Auerbach (pro hac vice)
RESOLUTION STRATEGY GROUP, LLC
614 S. 4th Street, #216
Philadelphia, PA 19147
Phone: (267) 227-1400
auerbach@resolutionstrategygroup.com

4.      The Court affirms the appointment of Plaintiffs Renaldo White and Randolph Nadeau as Settlement Class representatives ("Named Plaintiffs").

5.      The Court finds that the Notice Plan for disseminating notice to the Class provided for in the Settlement Agreement and previously approved and directed by the Court in its Preliminary Approval Order has been implemented by the Settlement Administrator and the Settling Parties. The Court finds that such Notice Plan: (a) included direct, individual notice to all Settlement Class Members who could be identified through reasonable effort; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class

[PROPOSED] FINAL ORDER & JUDGEMENT - 2
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Members of the nature of this Action, the definition of the Class, the class claims and issues, the right of Settlement Class Members to object to or comment on the Settlement Agreement or the Attorneys' Fees and Expenses Application, and the binding effect of a class judgment; (c) constituted due, adequate, and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of Fed. R. Civ. P. 23, due process under the U.S. Constitution, and any other applicable law.

6.     The Court hereby finds that all Settlement Class Members were adequately provided with an opportunity to exclude themselves from the Class by submitting a request for exclusion in conformance with the terms of the litigation class notice approved by the Court and previously implemented. Dkt. # 161 at pp. 8–9. All persons who submitted timely and valid requests for exclusion are not in the Class and are not bound by this Final Order and Judgment. A list of any such persons who submitted timely and valid requests for exclusion was lodged with the Court, Dkt. # 169. Also excluded from the Class are Defendants, their parents, subsidiaries and affiliates, and employees. Other than those excluded persons specified in this Paragraph 6, all persons who fall within the definitions of the Settlement Class shall be bound by this Final Order and Judgment and the Settlement Agreement.

7.     The Court finds that the Settlement Agreement warrants final approval pursuant to Fed. R. Civ. P. 23(e)(2) because the Court finds that the Settlement Agreement is fair, reasonable, and adequate and in the best interest of the Settlement Class Members, after weighing the relevant considerations.

a.     First, the Court finds that Plaintiffs and Settlement Class Counsel have adequately represented the Class and will continue to do so through settlement implementation.

b.     Second, the Settlement Agreement was reached as a result of arm's-length negotiations. The Settlement Agreement was supervised by, and reached pursuant to a mediation conducted under the auspices of experienced mediator Stew Cogan. Further, the Settlement Agreement was reached after significant litigation, investigation, and discovery.

c.     Third, the Court finds that the relief proposed to be provided is fair, reasonable, and adequate, taking into account, *inter alia*: (i) the costs, risks, and delay of trial and appeal for all Settling Parties; (ii) the legal issues presented in this Action; (iii) the interests of Settlement Class Members; (iv) the effectiveness of the proposed method of distributing relief (via mailed checks, without the need for Settlement Class Members to file claims); and (v) the terms of the requested award of Attorneys' Fees and Expenses, and Service Awards.

d.     Fourth, the Court finds that the Settlement Agreement, including the proposed Plan of Allocation, treats Settlement Class Members equitably relative to each other, and that the proposed allocation of settlement funds is reasonable and equitable.

8.     In granting final approval of the Settlement Agreement, the Court has also considered the factors that courts in this Circuit consider in evaluating proposed class settlements, which overlap considerably with the factors to be considered under Fed. R. Civ. P. 23(e)(2), and finds that they favor final approval. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

9.     With respect to the reaction of the Settlement Class Members to the Settlement Agreement, the Court notes that [no Settlement Class Members have filed objections to any aspect of the Settlement Agreement, indicating a positive reaction from the Class].

10.     The Motion is hereby GRANTED, and the Settlement Agreement and its terms is hereby APPROVED as fair, reasonable, and adequate and in the best interest of the Settlement Class Members. The Settling Parties and Settlement Administrator are directed to consummate and implement the Settlement Agreement in accordance with its terms, including distributing settlement payments to Settlement Class Members and other disbursements from the Settlement Fund as provided by the Settlement Agreement.

11.     All parties, including Defendants, Plaintiffs, and all Settlement Class Members are hereby dismissed from this Action with prejudice and without costs to any party, other than

[PROPOSED] FINAL ORDER & JUDGEMENT - 4
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

as specified in the Settlement Agreement, this Final Order and Judgment, and any order(s) by this Court regarding Settlement Class Counsel's Attorneys' Fees and Expenses Application.

12.     In consideration of the benefits provided under the Settlement Agreement, and for other good and valuable consideration set forth in the Settlement Agreement, (a) each Plaintiff and each Settlement Class Member shall, by operation of this Final Order and Judgment, have fully, finally, and forever released, relinquished, and discharged all Plaintiffs' Released Claims, including Unknown Claims, against Defendants, Defendants' Released Parties, and Defendants' counsel; (b) Defendants shall, by operation of this Final Order and Judgment, have, fully, finally, and forever released, relinquished, and discharged all Defendants' Released Claims against Plaintiffs and Settlement Class Counsel. Claims solely to enforce the terms of the Settlement Agreement are not released.

13.     All Plaintiffs and Settlement Class Members and anyone claiming through or on behalf of any of them will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting Plaintiffs' Released Claims against any Released Parties. This permanent bar and injunction are necessary to protect and effectuate the Settlement Agreement and this Final Order and Judgment, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. Notwithstanding the foregoing, nothing in this Final Order and Judgment shall preclude an action to enforce the terms of the Settlement Agreement.

14.     In consideration of the benefits provided under the Settlement Agreement, each Plaintiff and each Settlement Class Member shall, by operation of this Final Order and Judgment, be subject to the release set forth in Paragraphs 57–59 of the Settlement Agreement.

15.     Without affecting the finality of this Final Order and Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement Agreement and the terms of the Settlement Agreement; (b) Settlement Class Counsel's Attorneys' Fees and Expenses

[PROPOSED] FINAL ORDER & JUDGEMENT - 5
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Application; (c) distribution of the settlement payments related to Class claims, Settlement Class Counsel's Attorneys' Fees and Expenses, and any Service Awards; (d) any request for payment of the Settlement Administrator's expenses in the event of an expenses overage as set forth in the Preliminary Approval Order; and (e) all other proceedings related to the implementation, interpretation, validity, administration, consummation, and enforcement of the terms of the Settlement Agreement. The time to appeal from this Final Order and Judgment shall commence upon its entry.

16.    If the Settlement Agreement Effective Date does not occur, this Final Order and Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, as set forth in the Court's Preliminary Approval Order, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs and Settlement Class Members.

17.    This Final Order and Judgment, the Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement Agreement, or any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered, or received against Defendants or the other Released Persons as evidence or an admission: (a) of the truth of any fact alleged by Plaintiffs in the Action; (b) that any person suffered compensable harm or is entitled to any relief with respect to the matters asserted in this Action; (c) of any liability, negligence, fault, or wrongdoing by Defendants or the Defendant Released Parties, including any of their affiliates, agents, representatives, vendors, or any other person or entity acting on its behalf; or (d) the enforceability of any applicable contractual or statutory limitations period to limit any relief.

18.    The Court also GRANTS Settlement Class Counsels' Attorneys' Fee and Expense Application. Specifically, the Court awards Settlement Class Counsel attorneys' fees in the amount of $543,750. The Court also grants Settlement Class Counsel reimbursement of litigation

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

expenses in the amount of $310,257. The Court further awards Named Plaintiffs service awards of $10,000 each.

19.    The fee awarded—which equals 25 percent of the Settlement Fund—is reasonable under the percentage-of-the-fund approach. The amount awarded conforms to the 25 percent "benchmark" that courts in this Circuit use as the starting point for percentage-based class fee awards, and the Court finds that such amount is reasonable and justified under the unique and compelling circumstances of this litigation, including, *inter alia*:

        a.    the excellent results achieved for the Settlement Class;

        b.    the extraordinary effort required of Settlement Class Counsel in achieving such results (which included prevailing on the motion to dismiss, conducting extensive discovery, obtaining class certification, litigating class certification on an interlocutory appeal to the Ninth Circuit, and achieving a class settlement despite the Court of Appeals' vacatur of the prior certification, and winning a motion for partial summary judgment as to the applicable law);

        c.    the substantial risk that Settlement Class Counsel undertook in taking on this case and litigating it on a fully contingent basis over four years, including following the Ninth Circuit's decision; and

        d.    upon consideration of awards made in comparable cases. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

20.    The fee awarded is also reasonable under the lodestar-multiplier approach. Settlement Class Counsel reasonably incurred more than $4,938,280.50 in lodestar (as of February 2024) in investigating, prosecuting, and resolving this litigation over the past four years. The fee awarded represents a "negative multiplier," on that amount, of approximately 0.11, which the Court finds to be reasonable under the circumstances of this case, including, *inter alia*:

        a.    the extent of the work reasonably performed by Settlement Class Counsel in relation to the benefit provided by the Settlement Agreement;

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1        b.     the excellent result obtained for the Settlement Class;

2        c.     the skill demonstrated by Settlement Class Counsel;

3        d.     the novel and complex nature of the issues involved; and

4        e.     the contingent nature of the fee.

*See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *In re Resistors Antitrust Litig.*, No. 3:15-cv-03820-JD, 2020 WL 2791940, at *1 (N.D. Cal. Mar. 24, 2020) (finding request for attorney fee of less than "reasonable lodestar" constituted "a negative multiplier" and "further supports the reasonableness of . . . attorney fee request").

21.    The Court further finds that the reimbursement of Settlement Class Counsels' litigation expenses in the amount of $310,257 is fair and reasonable. The costs for which reimbursement is being provided—primarily, expert costs, deposition costs, and document database costs—are reasonable in amount and were reasonably incurred in litigating this case. *See Harris v. Wells Fargo Bank, N.A.*, No. CV-17-01146-PHX-DMF, 2019 WL 13254887, at *9 (D. Ariz. May 13, 2019); *Bd. of Trs. v. Piedmont Lumber & Mill Co.*, No. 13-cv-03898-HSG, 2016 WL 4446993, at *3 (N.D. Cal. Aug. 24, 2016).

22.    The Court finds, finally, that the service awards of $10,000 each for the Named Plaintiffs are within the range of service awards regularly awarded in this Circuit, and well justified under the circumstances of this case to compensate the Named Plaintiffs for their commitment on behalf of the Class. The Named Plaintiffs put their personal information at issue in a high-profile litigation, had their depositions taken by counsel for Defendants, prepared for their depositions, assisted with discovery, provided information about their experiences, reviewed pleadings, and staying abreast of proceedings that continued over four years. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009); *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 785 (9th Cir. 2022); *Tuttle v. Audiophile Music Direct, Inc.*, No. C22-1081JLR, 2023 WL 8891575, at *16 (W.D. Wash. Dec. 26, 2023); *Saliba v. KS Statebank Corp.*, No. CV-20-00503-PHX-JAT, 2021 WL 4775105, at *7 (D. Ariz. Oct. 13,

2021) ($10,000 service award); *In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, No. 14-md-2541-CW, 2017 WL 6040065, at *11 (N.D. Cal. Dec. 6, 2017) (collecting cases) (awarding $20,000 service awards), *aff'd*, 768 F. App'x 651 (9th Cir. 2019).

23.    All attorneys' fees, expenses, and service awards awarded herein shall be paid from the common settlement fund, pursuant to the terms of the Settlement Agreement.

IT IS SO ORDERED.

Dated July 28, 2025

Marsha J. Pechman
United States Senior District Judge

[PROPOSED] FINAL ORDER & JUDGEMENT - 9
(2:20-cv-01866-MJP)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384